OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant State of Ohio appeals the August 28, 2003 Judgment Entry entered by the Ashland County Court of Common Pleas, which dismissed two pending charges against defendant-appellee Robert T. Daugherty, following his completion of treatment in lieu of conviction on a related charge.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On August 23, 2000, the Ashland County Grand Jury indicted appellee on two counts of illegal processing of drug documents, in violation of R.C. 2925.23(B)(1), and one count of possession of criminal tools, in violation of R.C. 2923.24(A). In a September 5, 2000 Judgment Entry, the trial court ordered appellee to undergo a drug evaluation to determine his eligibility for treatment in lieu of conviction. The trial court conducted a hearing on the matter on May 7, 2001. After hearing evidence, the trial court granted appellee's motion to amend count two of the indictment by striking the dates of the offense alleged to have occurred after March 23, 2000. This amendment permitted the trial court to order treatment in lieu of conviction on count two. Via Judgment Entry filed May 23, 2001, the trial court granted appellee's motion for treatment in lieu of conviction, and "held in abeyance" counts one and three of the indictment. The trial court placed appellee on community control for a period of two years, and ordered appellee to pay a fine and perform community service.
{¶ 3} In an April 28, 2003 correspondence, the trial court advised the assistant prosecuting attorney appellee had successfully completed his two year treatment program, and requested the State dismiss the remaining two counts against appellee, which were not eligible for treatment in lieu of conviction. The State informed the trial court of its desire to and reasons for proceeding on the remaining counts.
{¶ 4} Via Judgment Entry filed August 28, 2003, the trial court found, "No useful purpose can be served by prosecuting [appellee] on the remaining charges," and dismissed counts one and three of the indictment.
{¶ 5} It is from this judgment entry the State appeals, raising as its sole assignment of error:
{¶ 6} "I. The trial court abused its discretion by dismissing the indictment over the prosecutor's objection."
 I
{¶ 7} Herein, the State maintains the trial court abused its discretion in dismissing the remaining counts of the indictment against appellee. We agree.
{¶ 8} As acknowledged by the trial court, only one of the three charges against appellee was eligible for treatment in lieu of conviction. Counts one and three of the indictment remained pending even after appellee successfully completed treatment on count two. Crim. R. 48(B) requires a trial court which dismisses an indictment over the objection of the State to state on the record its findings of fact and reasons for the dismissal. The Ohio Supreme Court has construed Crim. R. 48(B) as giving a court authority to dismiss an indictment if the dismissal "serves the interests of justice." State v. Busch (1996),76 Ohio St.3d 613. Specifically, the Busch Court noted:
{¶ 9} "Crim. R. 48(B) recognizes by implication that trial judges may sua sponte dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so. The rule does not limit the reasons for which trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim. R. 48(B) if a dismissal serves the interests of justice." Id. at 615.
{¶ 10} The trial court herein dismissed the remaining counts finding "no useful purpose [would] be served by prosecuting [appellee] on the remaining charges." We find this was an insufficient basis to establish the dismissal of the remaining counts of the indictment was in the interests of justice. Accordingly, we find the trial court abused its discretion in dismissing counts one and three of the indictment.
{¶ 11} The State's sole assignment of error is sustained.
{¶ 12} The judgment of the Ashland County Court of Common Pleas is reversed and counts one and three reinstated.
Farmer and Edwards, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and counts one and three ordered reinstated. Costs assessed to appellee.