**The STATE of Ohio, Appellant,**

v.

**HARRIS, Appellee.**

[Cite as *State v. Harris*, 186 Ohio App.3d 359, 2010-Ohio-837.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23231.

Decided March 5, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellant.

Sean J. Vallone, for appellee.

———————

Brogan, Judge.

{¶ 1} The state of Ohio appeals from the trial court's January 22, 2009 order dismissing an indictment against appellee Earl Harris in "the interests of justice."

{¶ 2} In its sole assignment of error, the state contends that the trial court abused its discretion in dismissing the indictment. Harris has not filed an appellate brief.

{¶ 3} The record reflects that a grand jury indicted Harris on felony charges of carrying a concealed weapon and improper handling of a firearm in a motor vehicle. The trial court later ordered a competency evaluation. It then sua sponte dismissed the indictment under Crim.R. 48(B), apparently without having received an evaluation. The trial court's short dismissal order reads as follows:

{¶ 4} "Pursuant to Criminal Rule 48(B), the Court hereby dismisses the indictment in the above-captioned case. The facts of this case are contained in the attached Bond Recommendation Form. The Defendant is a confused 86 year old man. The State has represented to the Court that the indicted charges of Carrying Concealed Weapons and Improper Handling a Firearm in Motor Vehicle did not entail any threat of physical harm to any person, and that the Defendant has no known history of threatening or endangering anyone. Other than a misdemeanor OVI conviction five years ago, the Defendant has no criminal record. The Court finds that the interests of justice warrant the dismissal of this case."

{¶ 5} The bond-recommendation form cited by the trial court accompanies its ruling. Notably, that form involves a bond recommendation in a second case against Harris for improper handling of a firearm in a motor vehicle, Montgomery C.P. No. 2008 CR 2187. The recommendation form in that prior case mentions Harris's arrest for the same offense in the present case. It also includes the following facts, which the trial court incorporated by reference in its dismissal order:

{¶ 6} "Earl Harris is an 86 year old male with an unverified residence, in Dayton. * * * Mr. Harris incurred an Improper Handling of a Firearm charge on 10–23–08 and a detainer is currently in place [i]n that case, as well. According to the arrest report, officers pulled the defendant over and located a loaded handgun in the center console of his car. The defendant told investigating officers that the gun was his, and that the court 'wanted $2,500 to get my other gun back, and it was cheaper to just buy another one,' which he did, for $80.00.

Mr. Harris has no other known prior criminal record, however his driving record contains an OVI conviction (2004/Fairborn Municipal Court).  * * *."

{¶ 7} Crim.R. 48(B) provides that "if the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."  The Ohio Supreme Court has recognized that a trial court may dismiss an indictment under Crim.R. 48(B) when "dismissal serves the interests of justice." *State v. Busch* (1996), 76 Ohio St.3d 613, 615, 669 N.E.2d 1125.  In reaching its conclusion, the *Busch* court observed that "[t]rial courts deserve the discretion to be able to craft a solution that works in a given case."[1]  Id. We review the dismissal of an indictment under Crim.R. 48(B) for an abuse of discretion.  Id. at 616, 669 N.E.2d 1125.  The phrase "abuse of discretion" implies a decision that is unreasonable, arbitrary, or unconscionable.  *State v. Montiel,* 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 13.

{¶ 8} In the present case, the trial court noted that the facts were set forth in the bond recommendation report quoted above.  It is unclear to us, however, whether those facts pertained to the earlier case against Harris, Montgomery C.P. No. 2008 CR 2187, or whether they related to his present offenses.  In any event, the two cases are quite similar insofar as they both involved improperly transporting a loaded firearm in a car.[2]

{¶ 9} In finding that the interests of justice warranted dismissal of the indictment in this case, the trial court cited four things: (1) Harris's status as a "confused" 86–year–old man, (2) the fact that his offenses did not involve a threat of physical harm, (3) his lack of a known history of threatening or endangering anyone, and (4) his lack of a criminal record other than a five-year-old misdemeanor OVI conviction.

{¶ 10} Although we are reluctant to find an abuse of discretion in a trial court's ruling, we believe the trial court acted unreasonably in declaring the interests of justice served by dismissing the indictment against Harris.  The trial court found prosecution unwarranted because Harris is a confused, elderly man with no real criminal record who did not threaten anyone and who has no history of threatening anyone.

---

1. Although the *Busch* court identified five nonexclusive factors to consider when determining whether an indictment should be dismissed under Crim.R. 48(B), *Busch* involved a domestic-violence charge and most of the factors it cited are not relevant here.  For present purposes, the only relevant *Busch* factor is the fact that Harris has no real criminal record.

2. We note that the trial court also invoked Crim.R. 48(B) and dismissed the indictment against Harris in Montgomery C.P. No. 2008 CR 2187.

{¶ 11} As the state points out, however, the bond recommendation form cited by the trial court reveals that the present case is the second time Harris has been charged recently with crimes related to transporting a loaded firearm in a car. Moreover, the same form reveals that upon having his first gun taken away and placed in court custody, Harris promptly purchased a replacement and concealed it in a car too. Such flagrant disregard for the law militates against dismissal of his indictment "in the interests of justice."

{¶ 12} Additionally, Harris's apparent mental condition weighs against dismissal of the indictment. Nothing in the record elaborates on the trial court's description of Harris as being "confused." As set forth above, however, the trial court ordered a competency evaluation before dismissing the indictment against him. Thus, it might be that an unresolved mental problem, rather than a blatant disregard for the law, caused Harris to act in a way that resulted in his being charged in this case shortly after his arrest for the same offense in another case. Either way, we find it unreasonable to conclude that the interests of justice are served by terminating the trial court's involvement and turning Harris loose. If he is unwilling to stop carrying a loaded firearm in his vehicle, he should be prosecuted. On the other hand, if he has a mental problem, he should not be left to drive around with a loaded firearm in his car. In such a case, treatment and supervision after a conviction would seem appropriate, assuming, of course, that he is legally competent. In our view, the most notable factor in this case is Harris's age. But even if advanced age militates against a prison term, that is a sentencing consideration more than a legitimate basis to dismiss the indictment.[3]

{¶ 13} Based on the reasoning set forth above, we conclude that the trial court abused its discretion in dismissing the indictment against Harris under Crim.R. 48(B). The state's assignment of error is sustained, the judgment of the Montgomery County Common Pleas Court is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

FAIN, J., concurs.

DONOVAN, P.J., concurs separately.

DONOVAN, Presiding Judge, concurring.

{¶ 14} I concur in the ultimate resolution of this appeal because we are largely left to speculate as to the motivation and facts that drove the dismissal of this indictment. It is important to recognize, as the Ohio Supreme Court noted in

---

3. We note that neither of the charges against Harris requires a prison term.

*State v. Busch* (1996), 76 Ohio St.3d 613, 669 N.E.2d 1125, that trial courts are "at the front lines of the administration of justice in our judicial system, dealing with realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims."

{¶ 15} Although Crim.R. 48(B) permits the court to dismiss an indictment, it does provide that if the court does so over objection from the state, "[the court] shall state on the record its findings of facts and reasons for the dismissal." On this record, it appears that the dismissal order was sua sponte, and the state may not have had an opportunity to object. Because the rule contemplates an evidentiary hearing, which would have facilitated appellate review in this case (see generally separate concurring opinion of Grady, J., in *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375), I am able to concur in this judgment due to the lack of evidentiary basis for the court's reasoning.