[Cite as *State v. Sanders*, 2013-Ohio-5220.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 CO 35 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MAREESE J. SANDERS | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Columbiana County, Ohio
Case No. 12 CR 29

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Robert Herron
Columbiana County Prosecutor
Atty. John E. Gamble
Atty. Tammie Jones
Assistant Prosecuting Attorneys
105 South Market Street
Lisbon, Ohio 44432

For Defendant-Appellant: Atty. Douglas A. King
Hartford, Dickey & King Co., LPA
91 West Taggart Street
P.O. Box 85
East Palestine, Ohio 44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: November 25, 2013

WAITE, J.

**{¶1}** The State of Ohio appeals the *sua sponte* dismissal of the criminal indictment against Appellee Mareese J. Sanders. Appellee was indicted by the Columbiana County Grand Jury for failing to appear on a recognizance bond. The failure to appear charge arose after Appellee missed his jury trial on drug possession charges. The trial was scheduled for 9:00 a.m. on January 23, 2012, but was rescheduled to 1:00 p.m. The trial judge dismissed the charge pursuant to Crim.R. 48(B) after its determination that the state's premise that a person may be prosecuted for failure to appear after being given conflicting notices about the originally scheduled trial time and no notice of the rescheduled time was dubious, and because it was a waste of judicial resources to continue prosecuting such a legally tenuous case merely to add 30 days to Appellee's prison term, which is what the state offered Appellee in a plea bargain. We review a dismissal by the court pursuant to Crim.R. 48(B) under an abuse of discretion standard, and the reasons given by the court do not indicate an abuse of discretion. Although it is improper for a judge to dismiss an indictment solely on his interpretation of the sufficiency of the evidence, it is not an abuse of discretion if there are other reasons justifying the dismissal. In this case, the sufficiency of the evidence does not appear as the sole, or even primary reason for the dismissal. Therefore, the judgment of the trial court is affirmed.

## Background

**{¶2}** Appellee was charged with possession of drugs, a fourth degree felony under R.C. 2925.11(A), in Columbiana County Case No. 2010CR220. He was

released on his own recognizance on September 30, 2010. While the case was still pending, he was indicted on additional felony drug charges in Columbiana County Case No. 2011CR155.

**{¶3}** His trial in Case No. 2010CR220 was scheduled for January 23, 2012, at 9:00 a.m. (8/28/12 Tr., p. 4.) The case was not called until 1:00 p.m. By 1:25 p.m., Appellant had not appeared in the courtroom, and the hearing was continued. His bond was revoked and bench warrant was issued. Appellee did, however, appear at the next scheduled hearing date on January 30, 2012.

**{¶4}** Appellee later entered guilty pleas in both drug cases. He was sentenced in both cases on March 2, 2012. The court imposed a 12-month prison term in Case No. 2010CR220, and an 18-month prison term in Case No. 2011CR155, to be served consecutively, for a total prison term of 30 months. He was taken to the Belmont Correctional Institution to begin serving his sentence.

**{¶5}** On January 26, 2012, Appellee was indicted on one count of failing to appear for trial on January 23, 2012, in Case No. 2010CR220. Failure to appear while on release under a recognizance bond is a violation of R.C. 2937.29 and R.C. 2937.99(A), a fourth degree felony punishable by 18 months in prison. This new indictment was given Case No. 2012CR29.

**{¶6}** A status conference was held on the failure to appear charge on August 24, 2012. The prosecutor offered a plea agreement in which, if Appellee would agree to plead guilty to the charge, the state would recommend a six-month prison term, with 150 days credit given for time served, thus leaving a net 30-day prison term.

Appellee rejected the plea offer, and elected a bench trial. (8/29/12 J.E.) Trial was set for August 28, 2012.

{¶7} On August 27, 2012, the court informally advised both parties that it intended to dismiss the matter at the hearing scheduled for the next day.

{¶8} At the August 28, 2012, hearing, the court stated on the record the reasons for his Crim.R. 48(B) dismissal. The court dismissed the charge because: (1) the trial that Appellee allegedly missed was scheduled for 9:00 a.m. on January 23, 2012, but did not actually take place until 1:00 p.m.; (2) the state did not intend to present evidence as to the whereabouts of Appellee at 9:00 a.m.; (3) Appellee was given conflicting notice about the time and date of the trial; (4) Appellee had already served 150 days of the state's recommended 180-day prison term; and (5) continued prosecution would not be a good use of available judicial resources merely to add 30 days to Appellee's prison term. (8/28/12 Tr., pp. 4-6.) The court also noted that prior defense counsel, in a letter sent on January 11, 2012, instructed Appellee to appear at trial on January 29, 2012 (a Sunday), at 8:30 a.m., rather than January 23rd at 9:00 a.m. The letter was offered into evidence. Two transcripts from Case No. 2010CR220, from two brief hearings held on November 11, 2011 and January 23, 2012 were also filed.

{¶9} The prosecutor argued that Appellee had been told, during a status conference on January 19, 2012, that trial would be held at 9:00 a.m. on January 23, 2012. (8/28/12 Tr., p. 9.) The prosecutor admitted that there was no record of the status conference. (8/28/12 Tr., p. 9.) The prosecutor was aware that Appellee was

informed of the wrong date and time of trial by prior defense counsel. The prosecutor argued that it was Appellee's personal responsibility to determine the correct day and time of trial when conflicting information was given by the court and by counsel. (8/28/12 Tr., pp. 9-10.) The prosecutor stipulated that Appellee appeared at the courthouse on January 30, 2012, at the next scheduled hearing date. (8/28/12 Tr., p. 13.) The prosecutor also stated that a sufficient record was made at the August 28, 2012, hearing. (8/28/12 Tr., p. 13.) The prosecutor affirmatively stated that she was not prepared to proffer any other evidence. (8/28/12 Tr., p. 9.)

{¶10} A transcript of the January 23, 2012, hearing is part of the record and was discussed at the August 28, 2012, dismissal hearing. The transcript indicates that trial was scheduled for 1:00 p.m., and began at 1:25 p.m. Defense counsel was given an opportunity to explain why Appellee was not present for trial. Prior defense counsel stated that Appellee was "well aware of his trial date." (1/23/12 Tr., p. 3.) The prosecutor intended to rely on this statement as a basis for not dismissing the failure to appear charge. The trial judge pointed out, though, that this was the same counsel who had given Appellee the wrong information about the trial date and time. (8/28/12 Tr., p. 12.)

{¶11} In a judgment entry dated August 29, 2012, the court stated that "this dismissal serves the interests of justice" and the case was dismissed under Crim.R. 48(B). This prosecutor's appeal followed on August 30, 2012.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN *SUA SPONTE* DISMISSING THE INDICTMENT OVER THE OBJECTION OF THE STATE.

{¶12} Appellant argues that the trial judge abused its discretion in dismissing the indictment on one count of failure to appear in court. Appellant acknowledges that a judge may dismiss an indictment under Crim.R. 48(A), but insists that there are limits to when such actions may be taken. Appellant concludes that the judge abused its discretion by depriving the state of the opportunity to present evidence in this case.

{¶13} Generally, "[a] court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.' " *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996), quoting *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34, 501 N.E.2d 617 (1986). Crim.R. 48(B) provides that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Ohio Supreme Court explained the effect of Crim.R. 48(B) in the *Busch* decision: "Crim.R. 48(B) recognizes by implication that trial judges may *sua sponte* dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so. *The rule does not limit the reasons for which a trial judge might dismiss a case*, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." (Emphasis added.) *Id.* A trial court's decision to dismiss a case under Crim.R. 48(B) is reviewed

for an abuse of discretion. *Id.* at 616. An abuse of discretion implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable. *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984). Generally, it is an abuse of discretion for the court to dismiss charges under Crim.R. 48(B) solely for the reason that the evidence is insufficient to support conviction. *State v. Nihiser*, 4th Dist. No. 03CA21, 2004-Ohio-4067, ¶17. Nevertheless, a trial judge is allowed great flexibility in determining when the judicial process is no longer useful in a given case such that a dismissal under Crim.R. 48(B) is warranted. *State v. Montiel*, 185 Ohio App.3d 362, 2009–Ohio–6589, 924 N.E.2d 375 (2d Dist.), ¶15.

{¶14} *Busch* held that a trial judge could *sua sponte* dismiss a criminal case if the complaining witness did not wish to proceed, even if the prosecutor objected to the dismissal. *Busch* at syllabus. This aspect of *Busch* was overturned by statute in 1998 when R.C. 2931.03 was amended with the addition of the following language: "A judge of a court of common pleas does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case."

{¶15} Although Appellant is correct that a case may no longer be dismissed solely at the request of the complaining witness, the reasoning and principles established in *Busch* continue to be cited today in reference to the trial court's general authority to dismiss a case pursuant to Crim.R. 48(B). *State v. Elqatto*, 10th

Dist. No. 11AP-914, 2012-Ohio-4303; *State v. Cosgrove*, 10th Dist. No. 06AP-1129, 2007-Ohio-3323.

**{¶16}** In the instant case, the charge that was dismissed was failure to appear in court. Failure to appear may be punished as a contempt of court. R.C. 2705.02. In the specific circumstance where a defendant fails to appear after he was released on his own recognizance, it may be separately prosecuted as a crime under R.C. 2937.29 and 2937.99.

**{¶17}** R.C. 2937.29 states: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code."

**{¶18}** R.C. 2937.99(B) states: "If the release was in connection with a felony charge or pending appeal after conviction of a felony, failure to appear is a felony of the fourth degree."

**{¶19}** The prosecutor's main arguments against the trial court's ruling are evidentiary in nature. Appellant argues that the state was not afforded an opportunity to present evidence against dismissing the charge. Appellant contends that the letter from Appellee's counsel with the wrong trial date should not have been placed in the record, and that the state did not have enough time to provide a rebuttal to the letter. Appellant contends that the trial judge did not hear or consider possible evidence the state may have that could be used at trial. Finally, Appellant argues that the trial

court improperly dismissed the indictment based on the sufficiency of the evidence. This record does not support Appellant's arguments.

**{¶20}** First, the trial judge made it very clear that the letter from Appellant's attorney was not the determining factor in the decision to dismiss the charge. The court based its decision on the record as it stood before the letter was introduced into evidence. (8/28/12 Tr., pp. 4, 11.)

**{¶21}** Second, it is both appropriate and necessary to proffer evidence at a Crim.R. 48(B) dismissal hearing since it is, by its very nature, an evidentiary hearing. *State v. Anguiano*, 2d Dist. No. 2011 CA 9, 2012-Ohio-2094, ¶12. The trial court is required to state on the record its findings of fact supporting the dismissal. Crim.R. 48(B). Therefore, "[Crim.R. 48(B)] contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review of any error assigned by the state regarding an objection by the state that the court overruled." *State v. Montiel*, 2d Dist. No. 23353, 2009-Ohio-6589, ¶22 (J. Grady, concurring). Hence, it was proper for Appellee to proffer the letter from prior defense counsel as evidence in the August 28, 2012, dismissal hearing, and it was proper for the court to consider it in making its ruling. It is not appropriate for Appellant to now complain that the trial court neglected to consider the state's possible evidence at trial when that evidence was neither presented nor mentioned at the dismissal hearing. In fact, the prosecutor specifically noted that the state would not be offering evidence.

**{¶22}** Third, the record indicates that the state was aware of the existence and contents of prior defense counsel's letter long before the dismissal hearing, even though the prosecutor may not have actually seen the letter until the day before the dismissal hearing. Apparently, substitute defense counsel had not even seen the letter until just a few days before the dismissal hearing. (8/28/12 Tr., pp. 6-7.) The letter was listed in prior defense counsel's reciprocal response to discovery, and the prosecutor acknowledged the letter in its response to discovery. (8/28/12 Tr., p. 7.) Appellant's counsel would now like to deny that she acknowledged the existence of the letter during discovery, but her testimony at the dismissal hearing was that "when the State prepared it's [sic] response to Discovery in this case, indicated in the exculpatory materials that counsel had reflected that a letter with the incorrect date had been sent but that the State was not in possession and had not seen that letter. That was explicitly put forth in the exculpatory provision." (8/28/12 Tr., p. 7.) Counsel cannot deny on appeal a fact that she openly admitted to the trial judge.

**{¶23}** Fourth, the prosecutor expressly agreed at the August 28, 2012, hearing that a proper record had been made:

THE COURT: Okay. Well, is the State satisfied that you've made your record?

MS. JONES: Yes, your honor.

(8/28/12 Tr., p. 13.)

**{¶24}** The prosecutor also stated that the state did not wish to proffer any further evidence to rebut the trial court's reasons for dismissing the charge. (8/28/12

Tr., p. 9.) Appellant cannot now argue on appeal that it did not have an opportunity to make its record when it agreed, on the record and in the presence of the trial judge, that it was satisfied with the record made at the August 28, 2012, dismissal hearing and no evidence was submitted or even proffered.

**{¶25}** Appellant believes that the trial court based its ruling on evidence outside the record, but the evidence to which she refers, defense counsel's letter and the transcripts from Case No. 2010CR220, were made part of the record of the August 28, 2012, hearing. The court did not make its final ruling until August 29, 2012, when the judgment entry of dismissal was filed. Therefore, the record at the time the trial court made its final ruling included the letter from defense counsel.

**{¶26}** Appellant urges us to conclude that the trial court dismissed the charges solely on the sufficiency of the evidence, and that insufficient evidence is not a valid reason for dismissing an indictment under Crim.R. 48(B). The record does not reflect that the charge was dismissed solely for insufficient evidence. It appears from the record that the court was primarily concerned about the impropriety of trying a man for missing a 9:00 a.m. hearing for which he had been given conflicting notice and which was not held at 9:00 a.m., but rather, was rescheduled for 1:00 p.m. Further, the state conceded it could not establish that Appellee had correctly been given oral notice in court of the original hearing date and time, since there was no transcript available of the hearing at which the notice was allegedly given. Even though the court noted that it was not "likely" that the case could be proven beyond a reasonable doubt, the reasoning used by the court is primarily legal, rather than

evidentiary: whether the defendant should be convicted for missing a 1:00 p.m. hearing for which there was no notice (since, at best, Appellee may have been given conflicting notice that the hearing was at 9:00 a.m.). Although given ample opportunity by the trial judge, the prosecutor simply did not provide a viable theory for prosecuting Appellee for failure to appear at 1:00 p.m. for a hearing that was actually scheduled for 9:00 a.m., particularly when the state was not prepared to establish the whereabouts of Appellee at 9:00 a.m.

**{¶27}** Appellant submits that a court cannot dismiss a case under Crim.R. 48(B) simply because the judge concludes that no useful purpose would be served by continuing with the prosecution, citing *State v. Daugherty*, 5th Dist. No. 03COA050, 2004-Ohio-2005. Since the record in this case contains no such declaration by the trial judge, and includes extensive facts and reasoning explaining why the dismissal was in the interest of justice, Appellant's reliance on *Daugherty* is unpersuasive.

**{¶28}** The court additionally reasoned that the charge should be dismissed because going forward would actually amount to a waste of judicial resources. There was no question that Appellee had already pleaded guilty to the drug possession charges and was currently serving a 30-month prison term. The court was aware of the plea negotiations surrounding the failure to appear charge, and that an offer had been made that in exchange for a guilty plea to the failure to appear charge, the state offered to recommend a 180-day prison term, with 150 days credit for time already served. Given this information, especially in light of the state's failure to provide the

trial court with a viable legal theory for prosecuting someone for failing to appear at a rescheduled 1:00 p.m. hearing with no notice, the court could find no reason for continuing the prosecution of this case. The trial court itself was in the best position to determine the interests of justice when determining whether or not to prosecute a defendant for disobeying a court order to appear at trial, especially when there was no order to appear at 1:00 p.m. Since the standard of review is abuse of discretion, and given the ample record demonstrating the trial court's conclusion that justice would not be best served by further prosecution of this matter, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., dissents; see dissenting opinion.

DeGenaro, P.J., dissents.

**{¶29}** Despite the reasons it articulated for doing so, the trial court abused its discretion by sua sponte dismissing the charges against Appellee for two reasons. First and most significantly, the trial court prejudged the case, considering the matter without an evidentiary hearing and prior to argument by counsel. Second, trial court's articulated reasons for dismissing the charges are not supported by the record. Thus, the trial court's decision should be reversed and the case reinstated.

**{¶30}** Before addressing the merits of Appellee's argument, additional facts are needed in order for this appeal to be analyzed in the context of the entire record; specifically those gleaned from Case No. 2010-CR-220, which gave rise to the charge here.

**{¶31}** At the November 10, 2011 scheduling conference for the 2010 case to set the final pretrial and trial dates, Appellee was present (2010-CR-220, 11/10/11 Tr., p. 2) and was advised as follows:

> THE COURT: Mr. Sanders, you'll need to be present those times, January 19, 2012; and again, January 23, 2012 if the case is not resolved. *If you would fail to appear at those times*, a warrant would be issued for your arrest, bond would be revoked. Do you have any questions?
>
> MR. SANDERS: No, sir.

(2010-CR-220, 11/10/11 Tr., p. 4)

**{¶32}** And when Appellee failed to appear on January 23, 2012 for trial in the 2010 case, the following exchange took place between the trial court, the prosecutor and defense counsel:

> MR. GAMBLE: I would note for the record that the Defendant had previously failed to appear * * * July 14th, 2011 for a status conference following a motion that had been taken under advisement.

Further, in August of this year, or this past year rather, appeared 20 minutes late for a hearing that I think we nearly revoked his bond on that date.

THE COURT: Mr. Ingram, on behalf of your client?

MR. INGRAM: Your Honor, if I were able to proffer a reason for Mr. Sanders' absence I would request a continuance. But since I cannot communicate with him - - I've called him four times. He has not called me back. He is well aware of his trial date. I guess I do not oppose the State's request.

THE COURT: Okay. Thank you then. We will revoke Mr. Sander's bond. We will issue a bench warrant.

(2010-CR-220, 1/23/12 Tr., pp. 2-3)

{¶33} The record in 2010-CR-220 further reveals: 1) as a result of Appellee's first non-appearance in July discussed in the above exchange, a bench warrant had been issued but was later recalled; and 2) as a result of Appellee's second non-appearance on January 23, a bench warrant was issued and served on Appellee on January 30, 2012 at a proceeding in 2011-CR-155. Thus, Appellee demonstrated a pattern of non-appearance or tardiness in 2010-CR-220 in contravention of bond, which Appellant legitimately sought to punish.

### Predetermining Dismissal

{¶34} Turning to the merits, the trial court not only abused its discretion by sua sponte dismissing the 2012 case, it reached the decision having prejudged the case. At the Monday August 28, 2012 proceeding called by the trial court the day before the scheduled trial, it made the following statement:

THE COURT: All right, we're on the record in the case of State of Ohio verses Mareese Sanders. The case number is 2012-CR-29.

Defendant is not present. *I had advised counsel, both of whom are present,* the Assistant Prosecuting Attorney Tammie Riley Jones and Attorney Douglas King on behalf of the [D]efendant, *that I would be dismissing this case today.* So I did not think that the presence of the [D]efendant was necessary. And I think Attorney King agrees with that.

MR. KING: I do, Your Honor.

THE COURT: *We have the [D]efendant on loan from the state facility and so this can perhaps expedite his return.*

It's my intention to dismiss this case pursuant to Criminal Rule 48(B). *The State had requested that we convene for the purpose of my stating on the record my findings of fact and other reasons for the dismissal.*

* * *

Now, it is my opinion from items already in the record, *and regardless of any other evidence that might be brought forward*, that it is very unlikely that this charge could be proven against this [D]efendant by proof beyond a reasonable doubt. And I say that for a couple of reasons.

* * *

Further, his initial counsel was Attorney Gerald Ingram. And Attorney Ingram made the Court aware that he, at a later time, released that he had sent a letter to Mr. Sanders…that misstated the date for trial…

Thirdly, last Friday the State made it known that the State was willing to enter into an agreement with the [D]efendant wherein he would plead guilty to this offense and the State would be satisfied with a 30-day term of incarceration beyond the two and a half years that this

Defendant is already serving as a result of his sentence in 2010-CR-220 and 2011-CR-155.

So for 30 days we had the expense of bringing this person back, the resources of counsel, the prosecuting attorney office, and the Court and then having to return him to the state institution. Again, all for a sentence that the state would agree to for 30 days. Now, I do not consider that to be a good use of our available resources.

Those are my reasons. I know that the State objects and I respect that.

(Emphasis added.) (2012-CR-29, 8/28/12 Tr., pp.3-6)

**{¶35}** The trial court reiterated this position in its judgment entry: "This case was called for what had originally been scheduled as a Trial on the Merits on Tuesday, August 28, 2012. * * * The Court had waived the presence of the Defendant *since both counsel had been informally advised on Monday, August 27, 2012 of the Court's intention* to dismiss the Indictment pursuant to Criminal Rule 48(B)." (2012-CR-29, 8/29/12 J.E.)

**{¶36}** A review of Ohio case law fails to produce a case directly on point. However, guidance can be found in *State v. Rodriguez*, 2d Dist. No. 1722, 2008-Ohio-3377, where the Second District correctly affirmed the trial court's sua sponte dismissal, even though no briefs had been filed or a hearing requested and held on possible dismissal. In *Rodriguez*, the trial court properly raised the issue at a scheduled pre-trial, inquired of both counsel regarding the merits, granted the parties 10 days to submit briefs why the case should not be dismissed and gave the state the option for a hearing. *Id.* at ¶2. Only then, once both the defendant and the state were afforded due process, did the trial court consider the issue and sua sponte dismiss the case. *Id.*

**{¶37}** Unlike in *Rodriguez*, the trial court here did not raise the issue at the final pretrial, did not afford the parties the opportunity to brief the issue, nor was the case set for an evidentiary hearing. Rather, the proceeding on August 28 was held

solely to put on the record the trial court's reason for sua sponte dismissing the indictment, as reflected by the language used by the trial court during the hearing. Moreover, the language used by the trial court in its journal entry evinces that it had already decided the case before the August 28 hearing had even begun. No such predisposition can be seen by the trial court in *Rodriguez.*

**{¶38}** Guidance can also be found in *State v. Stafford,* 158 Ohio App. 3d 509, 2004-Ohio-3893, 817 N.E.2d 411 (1st Dist.), though it is a case vindicating a defendant's due process rights and reversing a trial court for imposing a trial penalty when sentencing the defendant. *Id.* at ¶ 13. In *Stafford*, the defendant was convicted of aggravated vehicular homicide and three counts of vehicular assault. After the prosecution's opening statement, the jury was excused, and the trial court urged the defendant to plead guilty, making what the First District characterized as "damning statements." *Id.* at ¶17-18.

> *I'm aware of the facts* and I understand the law. I'm trying to envision a defense; one or two things may be possible. I'm having a hard time envisioning a defense. As we are here today and I told your counsel when I had this discussion in my chambers, based upon the opening statement of the prosecutor, *my feeling concerning possible sentence is different than it was the other day because I've been made aware of other facts that have been alleged and* that were detailed by the prosecution in their opening statement.
>
> * * *
>
> If, in fact, you're found guilty, and the evidence is presented at a trial as detailed by the prosecutor in their opening statement, again, I'm not going to prejudge the sentence, but *I would really be inclined to give you the maximum consecutively on all four counts.*

*Id.* at ¶19 (Emphasis added), ¶ 2 (Emphasis in original).

**{¶39}** Just as the trial court in this case prejudged dismissal, the trial court in *Stafford* prejudged the sentence it would impose. A trial judge predetermining a case should trouble this court as it did the First District: "We cannot say what facts the trial court already knew at the time it offered Stafford the plea. The trial court admitted that it was aware of certain facts that warranted a heavier sentence than the one offered in the plea bargain. We cannot ascertain what these facts were, and it would be imprudent to attempt a guess." *Id.* at ¶23.

**{¶40}** Similarly, here, the record demonstrates that the trial court had prejudged the case before it held the August 28 proceeding. Moreover, that hearing was not set as an evidentiary hearing, but rather to put the trial court's reasoning on the record. This process and decision constitutes an abuse of discretion that warrants a reversal of the trial court's decision and reinstating the case.

### Sua Sponte Dismissal was an Abuse of Discretion

**{¶41}** Turning to the trial court's articulated basis for reversal, the record supports Appellant's argument that the trial court abused its discretion by sua sponte dismissing the case. The majority relies upon *State v. Anguiano*, 2d Dist. No. 2011 CA 9, 2012-Ohio-2094, and *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375 (2d Dist.), for the proposition that proffering evidence is necessary at a Crim.R. 48(B) hearing since by its nature it is an evidentiary hearing. Majority Opinion at ¶21, quoting *Anguiano* at ¶12 (where the Second District merely stated the state's argument on appeal, what occurred at the evidentiary hearing *on defendant's motion to dismiss*, and that "[a]t the close of the hearing, the trial court requested the parties to submit additional arguments regarding whether *the court should dismiss Anguiano's indictment pursuant to Crim. R. 48(B)*.") A review of the complete factual and legal context of both *Anguiano* and *Montiel* reveals they lend support to Appellant's argument.

**{¶42}** In *Anguiano*, an evidentiary hearing was held on a motion to dismiss filed by the defendant due to a 27 month pre-indictment delay, which the trial court denied. *Id.* at ¶2. However, the trial court stated, apparently at the hearing, that it would review the matter pursuant to Crim.R. 48(B), after additional arguments were

submitted to the court. *Id.* at ¶2, 12. On appeal, the state argued that in dismissing the case the trial court improperly considered budgetary issues based upon the trial court's statement during the hearing that "it had heard rumors that the decision to indict the older drug cases was an attempt to persuade the county commissioners to allocate more funds to the sheriff's office." *Id.* at ¶12-14. The Second District was unpersuaded, holding that the trial court made seven findings unrelated to budget issues, which, in the interest of justice warranted dismissal. *Id.* Significant among those findings were that the conduct giving rise to the dismissed case occurred in 2008, and that prior to this indictment Anguiano had pled guilty to an intervening 2009 offense and was successfully serving community control when the 2008 offense was charged in 2010 and then dismissed by the court in 2011. *Id.* at ¶1, 3. Conversely, in this matter, there is a history of Appellee failing to appear or to be so late that his bond was almost revoked. Additionally, in *Anguiano* the trial court based its decision upon a record consisting of facts presented at an evidentiary hearing and the parties' post-hearing arguments submitted to support or oppose *sua sponte* dismissal pursuant to Crim.R. 48. Here, the trial court decided the case without hearing any evidence or argument.

**{¶43}** In *Montiel*, the defendant pled guilty and served a 16 day sentence on a first degree misdemeanor domestic violence offense in 2004; but in 2008 sought and was granted leave to withdraw his plea because the conviction could result in him being deported. *Id.* at ¶4. While the majority opinion in *Montiel* sets forth the reason why the trial court dismissed the case in open court over the state's written objections, *Id.* ¶5-8, the procedural history of the case is unclear, requiring us to look to the concurring opinion for the information:

> This matter was before the court on its own motion. However, that circumstance did not relieve the court of its duty to create the record required. The court conducted no evidentiary hearing to support the findings it made. Instead, those findings are based on representations of counsel, made in-chambers and off the record. In

that circumstance, I would ordinarily wish to reverse the judgment and remand for a hearing. However, the state does not complain that the court erred when it failed to hold a hearing. Therefore, on the record before us, such as it is, affirmance is proper.

*Montiel* at ¶ 23 (Grady, J., concurring).

**{¶44}** In *Montiel*, the state did not argue on appeal that the trial court abused its discretion for failing to hold an evidentiary hearing; it only raised substantive arguments. *Id.* at ¶ 2. Here, Appellant did object to the trial court's prejudging the case and not holding an evidentiary hearing, both to the trial court and to this court, thus preserving the error. Drawing from *Montiel*, the trial court here abused its discretion by not holding an evidentiary hearing.

**{¶45}** As to the trial court's reasons for the sua sponte dismissal, contrary to the assertion of the majority at ¶20, the trial court did rely upon the misinformation in prior counsel's letter, referring to it twice, as well as noting that there was no evidence that the hallway had been checked to verify Appellee's absence. (2012-CR-29, 11/18/12 Tr., pp. 4-5 and 13). However, also on record is prior counsel's statement from the January 23, 2012 hearing, quoted above, that he called Appellee four times, and that Appellee was well aware of the trial date. All of that should have been explored in an evidentiary hearing, not resolved by a factual presumption made by the trial court.

**{¶46}** There appears to be some confusion at the August 28, 2012 proceeding as to when and how the trial court was made aware of prior counsel's letter, and when Appellant became aware of it. The record is not as clear as the majority suggests.

**{¶47}** In Appellee's April 5, 2012 Discovery Disclosure, prior counsel is identified as the only witness, and the statement is made that *no evidence would be introduced at trial.* Appellee's counsel supplemented the discovery disclosure on August 21, 2012 to include two additional witnesses, the arrest report and

"miscellaneous certified copies" from Appellee's two underlying criminal cases. No further supplements were made by Appellee at the final pretrial on August 24th.

**{¶48}** The first time the letter appears in the record is as an "exhibit" attached to the transcript of the August 28, 2012 proceeding filed with this court. Its inclusion as an attachment was presumably based upon the trial court's statement in the August 29, 2012 judgment entry: "The Court admits into evidence as Exhibit No. 1 a letter from the Ingram Law Office dated January 11, 2012." However, nowhere in the transcript is the letter offered and admitted into evidence.

**{¶49}** Somehow the letter came to the trial court's attention. The trial court stated on the record at the Tuesday, August 28, 2012 proceeding:

> THE COURT: Further, his initial counsel was Attorney Gerald Ingram. And Attorney Ingram made the Court aware that he, at a later time, released that he had sent a letter to Mr. Sanders…that misstated the date for trial…

(2012-CR-29, 8/28/12 Tr., pp.4-5)

**{¶50}** And later during that proceeding current defense counsel stated:

> MR. KING: Your Honor, for the record, before I get accused of offering evidence outside of a record, which I've heard twice now, and I suspect will be the next step in the fallout from this matter, I would represent for the record to the Court, as on [sic] officer of this Court and on my oath as an attorney, I delivered a copy of that letter to this Court yesterday *after the Court indicated that it was going to dismiss the charges.*"
>
> THE COURT: That is true.

(Emphasis added.) (2012-CR-29, 8/28/12 Tr., pp.10-11)

**{¶51}** The record demonstrates present counsel did not provide a copy of the letter to the prosecutor and the trial court until sometime on Monday, August 27,

2012, *after* the trial court had somehow learned about this letter and decided to dismiss the indictment. The prosecutor stated for the record that "the State was never in possession of that letter until yesterday morning when I received it by Tela [sic] fax from Attorney King. I presume he was forwarding it to me as part of a continuing supplement to his Discovery." (2012-CR-29, 8/28/12 Tr., p. 6). What remains unclear is how the trial court first became aware of the letter before a copy was provided by current counsel. What is clear is that the trial court decided to dismiss the case sua sponte based upon a letter that was de hors the record and considered without prior notice to the parties or the benefit of an evidentiary hearing or argument from the parties.

{¶52} The fact that the Thursday, January 19 final pretrial in 2010-CR-220 was not transcribed is not fatal to the State's appeal. Majority at ¶9. The trial court's January 20, 2012 judgment entry memorializing the pre-trial states in pertinent part:

> *The Defendant appeared.* Status conference held. With the permission of counsel, the status conference was held informally and no record was made. The parties reported that this case has not been resolved. This case *remains scheduled for a jury trial on **January 23, 2012 at 8:30 A.M.***

(Emphasis added.)

{¶53} Because this took place on a Thursday, four days prior to the trial scheduled for the following Monday, the trial court could have found that despite the wrong date in the letter, Appellee knew the correct trial date. But again, this is a factual issue that should have been explored during an evidentiary hearing.

{¶54} The majority is incorrect that the State stipulated that Appellee appeared at the next scheduled hearing. Majority at ¶9. Rather, the prosecutor acknowledged that Appellee "did appear on the 30th of January for a proceeding *in the other case that was pending at the time.*" (2012-CR-29, 8/28/12 Tr., p.13). Appellee neither stated it wished to decline to proffer evidence to rebut *the trial*

*court's findings,* nor expressly agreed a complete record was made, as contended by the majority at ¶23-24. Those statements are taken out of context. Rather, the record demonstrates that the prosecutor was trying to preserve the error for appeal; acknowledging, as the trial court did, that the decision to dismiss the case was made before the proceeding began, and the "hearing" was for the sole purpose of creating a record for appeal:

> MS. JONES: "I don't know how much we want to belabor this because the Court has already set forth it's [sic] reasons…"

(2012-CR-29, 8/28/12 Tr., p. 12)

**{¶55}** This was not an evidentiary hearing, borne out not only by defense counsel's comments noted above, but by the prosecutor's comments as well:

> MS. JONES: This defendant in this case, and I believe this is part of the record, *so I'm not speaking out of turn or offering evidence outside of a trial…*

(2012-CR-29, 8/28/12 Tr., pp. 8-9).

**{¶56}** Contrary to the majority's assertion at ¶27, Appellant's reliance on *State v. Daugherty*, 5th Dist. No. 03COA050, 2004-Ohio-2005 is persuasive. The Fifth District held "it is insufficient for a trial court to sua sponte dismiss a case under the auspices that it would be "in the interest of justice," where the trial court merely asserts that no useful purpose would be served by prosecuting the defendant. *Id.* at ¶10. Here, the trial court stated, "So for 30 days we had the expense of bringing this person back, the resources of counsel, the prosecuting attorney office, and the Court and then having to return him to the state institution. Again, all for a sentence that the state would agree to for 30 days. Now, I do not consider that to be a good use of our available resources…" (2012-CR-29, 8/28/12 Tr., p. 4). That reasoning is akin to the trial court's reasoning in *Daugherty,* which was rejected by the Fifth District.

{¶57} A case that stands in stark contrast to the present case is *Rodriguez, supra,* where the interest of justice at issue involved circumstances of the type contemplated by Crim.R. 48. In *Rodriguez*, the defendant had been charged with unlawful sexual conduct with a minor; he was 21 and married a 14-15 year old minor (who was pregnant at the time) with the consent of her parents before he was indicted on the charge. *Id.* at ¶1. Affirming the trial court, the Second District held the trial court did not abuse its discretion since it relied upon other reasons aside from the victim's desire not to see her husband prosecuted. Namely, the trial court reasoned that because the defendant was a foreign national living here legally, he could have been deported based upon a conviction, and if not, a sexual offender classification would have significant consequences for the minor wife and child, which were not warranted given that he accepted responsibility for his actions by marrying the pregnant minor. Finally, the court found that the defendant provided financially for his minor wife and their child, they had their own home, and the minor wife was also pursuing completion of her high school education. *Id.* at ¶11-14. *See also Montiel* (where a conviction created a risk of deportation ¶4, and in the five years between indictment and dismissal the defendant committed no other offenses of any type and any future offense enhancements were collateral sanctions not punishment for the offense at hand ¶18). Here, Appellee has a track record of failing to appear timely, or at all, for court hearings, prosecution and punishment for which is in the interest of justice.

{¶58} In this case, the trial court's reasoning lacks substance. The trial court claimed it was trying to preserve public resources, yet those resources had already been expended. Further, the trial court felt that a 30-day sentence, which was an offer by Appellant *if Appellee had agreed to plea in lieu of going to trial,* was insufficient to warrant a trial. Yet there is nothing in the record to suggest Appellant would not have sought a lengthier sentence based upon evidence that would have been presented *at trial*.

{¶59} The trial court placed great weight upon preserving resources that were already expended. Appellee had been transported from the state penitentiary to

Columbiana County, and was present "in the custody of the Sheriff" at the Friday August 24 final status conference, where he rejected the plea offer from the State and waived a jury trial. (2012-CR-29, 8/24/12 Tr., pp. 2-4; August 29, 2012 J.E.). Thus, the expenses the trial court hoped to avoid had already been incurred. Perhaps that is why the State offered a 30-day sentence; had Appellee accepted the plea, he potentially could have been transported back to the penitentiary that Friday morning, thus minimizing those expenses. As it was, trial costs were reduced significantly because Appellee opted for a bench rather than a jury trial.

{¶60} The trial court interfered with the State's prosecutorial discretion. Appellee had failed to appear twice and was late once in the underlying proceedings, resulting in the issuance of two bench warrants and almost a third. As noted by the State at oral argument, even if the trial court did not feel a 30 day sentence was sufficient, the State found great value in prosecuting those who fail to appear on recognizance bonds, and Appellee's conviction would serve the legitimate prosecutorial and sentencing goal of deterring future potential offenders. Moreover, the 30-day sentence was offered during plea negotiations, not during a sentencing hearing after a trial and conviction.

{¶61} For all of these reasons, the trial court abused its discretion, first by considering the matter without an evidentiary hearing and prior to argument by counsel. The trial court further erred by dismissing the case because its articulated reasons are not supported by the record. Thus, the trial court's decision should be reversed and the case reinstated.