[Cite as *State v. Allen*, 2022-Ohio-1419.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29273 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-1392 |
| | : | |
| LATRICE ALLEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ANGELINA N. JACKSON, Atty. Reg. No. 0077937, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} The State of Ohio appeals from an order of the Montgomery County Court of Common Pleas, which dismissed Latrice Allen's indictment for one count of possession of marijuana (at least 200 grams but less than 1000 grams), a felony of the fifth degree.

{¶ 2} The incident which formed the basis for the indictment occurred on April 23, 2021. While at the Dayton International Airport, Allen was found in possession of over 1,000 grams of marijuana-infused products. The marijuana that Allen possessed came in several forms, including two marijuana-infused suckers, two plastic bottles of marijuana liquid, and eight packages containing marijuana-infused gummies. Allen told the authorities that she had purchased the marijuana products at a "gas station" before traveling to the airport.

{¶ 3} Allen was indicted for possession of marijuana on June 24, 2021. At her arraignment on July 22, 2021, Allen stood mute, and the trial court entered a plea of not guilty on her behalf. On August 23, 2021, Allen filed a motion to dismiss the indictment against her pursuant to Crim.R. 48(B). Allen argued that the trial court should grant her motion because "just a few months after the charges [sic] were incurred in this case," Allen was issued a card by the Ohio Medical Marijuana Registry "that would render any future possession of the same amount of marijuana to be completely legal under Ohio law." Appellee's Brief p. 2. The State filed responses to Allen's motion to dismiss on August 24 and September 2, 2021.

{¶ 4} On September 25, 2021, the trial court granted Allen's motion to dismiss the

indictment against her. The trial court found as follows: 1) because Allen had obtained a medical marijuana card in the interim, any future marijuana possession by her would be legal; 2) no one was harmed by her possession of marijuana; and 3) no meaningful punishment could be imposed for Allen's crime. In light of its rationale, the trial court dismissed Allen's case pursuant to Crim.R. 48(B) "in the interests of justice." The trial court also noted that "the primary duty of a prosecutor is to seek justice, not merely to convict."

{¶ 5} The State of Ohio now appeals.

{¶ 6} The State's sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN GRANTING ALLEN'S CRIM.R. 48(B) MOTION TO DISMISS, BECAUSE THE VARIOUS RATIONALES GIVEN BY THE TRIAL COURT FOR DISMISSING ALLEN'S CASE ARE LEGALLY AND FACTUAL[LY] UNSUSTAINABLE.

{¶ 7} The State contends that the trial court abused its discretion when it granted Allen's Crim.R. 48(B) motion to dismiss because its findings were "legally and factually false."

{¶ 8} Crim.R. 48(B), which provides the procedure for the dismissal of a criminal case by the court over the objections of the State, provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." *See State v. Anguiano*, 2d Dist. Darke No. 2011-CA-9, 2012-Ohio-2094, ¶ 9.

{¶ 9} A trial court's dismissal of an indictment is reviewed for an abuse of discretion. *State v. Busch*, 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). The term "abuse of discretion" implies a decision that is unreasonable, arbitrary or unconscionable. *State v. Rodriguez*, 2d Dist. Darke No. 1722, 2008-Ohio-3377, ¶ 8.

The Ohio Supreme Court has held that Crim.R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice." *Busch* * * * at 615. The Court also stated that trial courts are on "the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.' " *Id.* "The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that '[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case.' " *State v. Rodriguez* * * * at ¶ 10, quoting *Busch* * * * at 616. *Anguiano* at ¶ 11, citing *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 15 (2d Dist.).

{¶ 10} However, a trial court cannot dismiss an indictment pursuant to Crim.R. 48(B) simply because the court finds that no useful purpose would be served by continuing with the prosecution. *State v. Daugherty*, 5th Dist. Ashland No. 03COA050,

2004-Ohio-2005, ¶ 10. Additionally, we have held that "a court has inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or statutory right, the violation of which would, in itself, bar prosecution." *State v. Today's Bookstore, Inc.*, 86 Ohio App.3d 810, 824, 621 N.E.2d 1283 (2d Dist.1993), citing *State v. Sutton*, 64 Ohio App.2d 105, 411 N.E.2d 818 (9th Dist.1980).

{¶ 11} As previously stated, the trial court granted Allen's motion to dismiss the indictment for the following reasons: 1) because Allen had obtained a medical marijuana card and any future marijuana possession by her would be legal; 2) no one was harmed by her possession of marijuana; and 3) no meaningful punishment could be imposed for Allen's crime.

{¶ 12} Allen was initially charged with one count of possession of marijuana (at least 200 grams but less than 1000 grams), in violation of R.C. 2925.11(A) and (C)(3)(c), a felony of the fifth degree. R.C. 2925.11(B)(2)(a)(iv) defines a "minor possession offense" as "a violation of this section [R.C. 2925.11] that is a misdemeanor or a felony of the fifth degree." Specifically, the record suggests that Allen allegedly possessed approximately 355 grams of marijuana-infused liquid and approximately 700 grams of marijuana-infused edibles. At the time she purchased the marijuana products, Allen did not have a medical marijuana card, so her conduct was illegal. It is of little consequence that Allen obtained a medical marijuana card approximately two months after she was indicted for this offense.

{¶ 13} Even if she had had a medical marijuana card at the time of the purchase, by her own admission, Allen bought the contraband at a "gas station," not a properly

licensed retail medical marijuana dispensary. *See* Ohio Adm.Code 3796:6-2-02(A); R.C. 3796.22(A). Furthermore, the holder of a medical marijuana card is permitted to possess no more than a 90-day supply of an authorized form of marijuana. *See* Ohio Adm.Code 3796:8-2-01(A) and 3796:8-2-04(B); R.C. 3796.22(B). If the medical marijuana is in the form of either an oil or an "edible" for "oral administration" (the type of marijuana Allen possessed), a 90-day supply constitutes only 9.9 grams of THC content. Ohio Adm.Code 3796:8-2-04(B). As noted, Allen is alleged to have possessed approximately 355 grams of marijuana-infused liquid and approximately 700 grams of marijuana-infused edibles, arguably well above the amount that the law would have allowed even if she had had a medical marijuana card, which she did not.[1] Furthermore, even if Allen had had a medical marijuana card at the time she was arrested at the airport, she would have been in violation of the law for transporting contraband into other states.

{¶ 14} Additionally, we find the trial court's conclusion that Allen's possession of drugs was a victimless crime to be incorrect and misleading. "Studies demonstrate the grave threat that illegal drugs * * * pose to society in terms of violence, crime, and social displacement." *Harmelin v. Michigan*, 501 U.S. 957, 960, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Treasury Emps. v. Von Raab*, 489 U.S. 656, 668, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989). While some states allow for the recreational use of marijuana, Ohio is not one of those states.

---

[1] Allen suggests in her brief that the levels of THC in the marijuana-infused edibles were not established by the State; however, that is a matter to be established by the prosecution at trial.

Without a medical marijuana card, possession of marijuana in Ohio is illegal, and it is undisputed that Allen *did not* have a medical marijuana card on the day she was found to be in possession of the marijuana-infused products.

{¶ 15} In support of her argument that the trial court did not err when it granted her motion to dismiss the indictment, Allen cites to two opinions from this Court, *State v. Helmer*, 2d Dist. Darke No. 2011-CA-12, 2012-Ohio-2103, and *State v. Stokes*, 2d Dist. Darke No. 2011-CA-10, 2012-Ohio-2110. In *Helmer*, we affirmed the trial court's decision granting the defendant's motion to dismiss the indictment, finding "that dismissal of the indictment was proper because the State could not cogently explain its reason for delaying the filing of the indictment against Helmer, nor would the 'interests of justice' be served by prosecuting a two-and-a-half year-old case when in the interim, Helmer had been convicted and sentenced in a separate case, thus denying him the potential ability to avail himself of speedy trial provisions and/or the possibility of concurrent sentences." *Helmer* at ¶ 13.

{¶ 16} In *Stokes*, we affirmed the trial court's decision granting the defendant's motion to dismiss the indictment, finding the State could not cogently explain its reason for delaying the filing of the indictment against Stokes, and the "interests of justice" would not have been served by prosecuting a two-and-a-half year-old case when, in the interim, Stokes had no prior criminal history, had maintained employment, and had voluntarily participated in substance abuse rehabilitation programs. *Id.* at ¶ 13.

{¶ 17} In our view, neither *Helmer* nor *Stokes* is applicable to Allen's case, since Allen was indicted only two months after her arrest for possession of marijuana rather

than the two-and-a-half year delay present in *Hemler* and *Stokes*.

{¶ 18} Our duty as members of the judiciary is to interpret and apply the law in both the civil and criminal context. We are not at liberty to pick and choose which laws we want to enforce regarding criminal defendants. The purposes and principles of felony sentencing involve a great deal more than simply punishing the offender. "That is a sentencing consideration more than a legitimate basis to dismiss the indictment." *State v. Harris*, 186 Ohio App.3d 359, 2010-Ohio-837, 928 N.E.2d 456, ¶ 12 (2d Dist.). Protecting the public from future crime by a defendant and deterring the offender and others from committing future crimes are also significant considerations for a trial court when sentencing a defendant. Here, the trial court failed to take into account all of the factors with respect to the purposes and principles of felony sentencing. Furthermore, by granting Allen's motion to dismiss the indictment, the trial court failed to give due consideration to the rights of the State in prosecuting its assigned cases. *State v. Congrove*, 10th Dist. Franklin No. 06AP-1129, 2007-Ohio-3323, ¶ 18.

{¶ 19} Lastly, the trial court found that the "interests of justice" required dismissal of Allen's indictment because there was "no justification for punishing" Allen and "even community control sanctions would serve no purpose," as there was no need for Allen's rehabilitation. Order Granting Motion to Dismiss, p. 3. But R.C. 2929.11(A) mandates that a court sentencing an offender for a felony "shall be guided" by the "overriding purposes" of "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or

local government resources." Accordingly, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 20} As previously noted, several states allow for the recreational use of marijuana, but Ohio does not. At the time Allen was arrested for marijuana possession, she did not have medical marijuana card. Therefore, Allen's possession of the marijuana-infused products was illegal. It is of little, if any, consequence that Allen obtained a medical marijuana card approximately two months after she was indicted in this case. While Allen's possession offense was a low-level felony, it was still illegal in Ohio, and until such time that the legislature decides to legalize marijuana for recreational use, possession of marijuana without a medical marijuana card will remain illegal.

{¶ 21} We also find Allen's argument regarding the "Good Samaritan" law to be inapplicable, because that law only provides immunity from arrest and prosecution for those who have overdosed and are in possession of drugs. The law was created in response to the opioid crisis in Ohio. Quite simply, the "Good Samaritan" law is not relevant to these proceedings. Furthermore, there is no evidence on this record suggesting that Allen was somehow targeted as a minority. Rather, Allen was presumably arrested only after having her bag and/or purse checked at Dayton

International Airport, a process every citizen encounters at an airport.

**{¶ 22}** In light of the foregoing, dismissal was inappropriate, and the trial court's conclusion that insufficient reasons existed for prosecution was an abuse of discretion. *See State v. Kauffman*, 2 Dist. Darke No. 2021-CA-5, 2021-Ohio-3847, ¶ 13. The trial court erred when it granted Allen's motion to dismiss her indictment pursuant to Crim.R. 48(B).

**{¶ 23}** Allen's assignment of error is overruled.

**{¶ 24}** The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Angelina J. Jackson
Hon. Steven K. Dankof