OPINION
{¶ 1} On January 29, 2007 Defendant Louis Rodriguez was indicted on one count of unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A), a felony of the fourth degree. The charges stem from a consensual sexual relationship between Mr. Rodriguez, then approximately twenty-one years of age, with Lucy Rodriguez, then approximately fourteen years *Page 2 
of age, which began in May, 2006. Despite having the same last name, Lucy and Louis were not related. Lucy became pregnant as a result of that relationship and she and Louis were married on January 9, 2007 with the consent of both of Lucy's parents. A child was born to Lucy and Louis on January 31, 2007.
 {¶ 2} A pre-trial conference was scheduled in this matter for May 8, 2007. At that hearing, without prior notice to the parties, the trial judge conducted an inquiry of counsel regarding the merits of the case. Specifically, he inquired of prosecution as to why the State wished to proceed in light of the fact that Lucy and Louis were married, Louis cared for both Lucy and the baby and Lucy did not wish for the case to proceed. After hearing from both counsel, the court granted the parties ten days in which to submit briefs as to why the case should not be dismissed. The court also afforded the State an option for a hearing in which it would be able to present witnesses and evidence. No briefs were received and a hearing was not requested by either party. On May 23, 2007 the trial court issued a judgment entry dismissing the case suasponte pursuant to Crim. R. 48(B) and setting forth with specificity the reasons for the court's dismissal of the charges. The State filed a timely notice of appeal on June 15, 2007.
 {¶ 3} The State sets forth two assignments of error:
 {¶ 4} "THE TRIAL COURT ERRED IN DISMISSING AN INDICTMENT FOUNDED UPON PROBABLE CAUSE OVER THE OBJECTION OF THE PROSECUTING ATTORNEY."
 {¶ 5} "CRIMINAL RULE 48(B) DOES NOT GRANT COURTS DISCRETION TO DISMISS INDICTMENTS EQUIVALENT TO THAT OF PROSECUTORS UNDER CRIMINAL RULE 48(A). *Page 3 
 {¶ 6} Since both of these assignments of error deal with the propriety of the court's sua sponte dismissal of the indictment against Louis Rodriguez under Crim. R. 48(B), they shall be considered together.
 {¶ 7} As a threshold matter, an order must be a final appealable order in order for this court to gain jurisdiction. The Ohio Supreme Court has held that pursuant to R.C. 2945.67(A) a prosecutor can appeal any dismissal of an indictment, whether the dismissal is with or without prejudice. State v. Craig 116, Ohio St.3d 135, 2007-Ohio-5752,876 N.E.2d 957. Accordingly, this court has jurisdiction to review the appeal.
 {¶ 8} An appellate court will only overturn a trial court's dismissal under Crim. R. 48(B) upon a showing of an abuse of discretion. State v.Busch (1996), 76 Ohio St.3d 613, 616, 669 N.E.2d 1125. The term abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude. Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356,359, 423 N.E.2d 1095. An unreasonable decision is one that is not supported by a sound reasoning process. AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,553 N.E.2d 597. An arbitrary attitude, on the other hand, is one "without adequate determining principle," "not governed or fixed by any fixed rules or standard." Dayton ex rel. Scandrick v. McGee (1981),67 Ohio St.2d 356, 359, 423 N.E.2d 1095.
 {¶ 9} Crim. R. 48(B) sets forth the procedure for a court to dismiss an indictment over the objection of the prosecution. If a court suasponte dismisses an indictment, it must state on the record its findings of fact and reasons for dismissal. This rule has been interpreted by the Ohio Supreme Court as creating a substantive right for a court tosua sponte dismiss a criminal *Page 4 
case over the objection of the prosecution where the complaining witness does not wish the case to proceed, or in the interest of justice.State v. Busch (1996), 76 Ohio St.3d 613, 669 N.E.2d 1125. InBusch, the complaining witness in a domestic violence case expressed a desire not to testify throughout the course of the case, going so far as to retain counsel for that purpose. In applying Rule 48(B), the Court stated that "[t]he rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim. R. 48(B) if a dismissal serves the interests of justice." Id. at 615. The court went on to hold that a trial court could dismiss a criminal case over the objection of the prosecution based solely on the complaining witness's desire not to proceed. Id.
 {¶ 10} In 1997 the Ohio legislature amended several provisions of the Ohio Revised Code to prevent a judge from dismissing an indictment based solely upon the request of the complaining witnesses. See Am. Sub. S.B. No. 98, effective March 17, 1998 (amending jurisdictional statutes R.C. 1901.20, 1907.02, 2903.213, 2919.26, 2930.06 and 2931.03). To the extent that Busch permits an indictment to be dismissed solely upon the request of the complaining witness, a plain reading of the 1997 amendments reveals that the amendments supersede it. However, Busch also permits a court to dismiss an indictment "in the interest of justice." State v.Busch (1996), 76 Ohio St.3d 613, 669 N.E.2d 1125. "The rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim. R. 48(B) if a dismissal serves the interests of justice." Id. at 615. TheBusch court goes on to discuss that "trial courts are on the front lines of administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. *Page 5 
A court has the `inherent power to regulate the practice before it and protect the integrity of its proceedings.'" Id. at 615, citing RoyalIndemn. Co. v. J.C Penney Co. (1986), 27 Ohio St.3d 31, 33-34,501 N.E.2d 617. The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that "[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case." State v. Busch (1996),76 Ohio St.3d 613, 616, 669 N.E.2d 1125.
 {¶ 11} Under R.C. 2931.03(B), a dismissal by a court cannot be based solely on the request of the complaining witness. We note that Lucy did not initiate the complaint. The matter came to police attention when Lucy applied for public benefits prior to the birth of her child. An employee from Darke County Children's Services referred the case to the Sheriff s Office because Lucy was fifteen, pregnant and indicated the father of her child was twenty-one. Lucy told the court at the May 8, 2007 that she had no idea when she applied for public benefits that it would result in her husband's prosecution and that she did not wish for her husband to be prosecuted.
 {¶ 12} We also note the court's dismissal was not based solely upon Lucy's desire not to prosecute. The May 23, 2007 Judgment Entry dismissing the indictment against Louis Rodriguez sets forth the findings of fact and reasons for dismissal required by Crim. R. 48(B). Specifically, the court cites the alienation of the relationship between Lucy and Louis, likely deportation if Louis is convicted and the resulting hardship on Lucy and their child, Lucy's desire not to prosecute the matter, and Louis's acceptance of responsibility both morally and ethically for his conduct. The court also considered and rejected the prosecutor's arguments of parity and deterrence made at the hearing on the matter. *Page 6 
 {¶ 13} There is a legitimate question regarding Louis's likely deportation. Louis was represented at the hearing to be a Mexican national legally residing in the United States. Under §§ 101(a)(43)(A) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act, a lawful permanent resident may be deported for certain "aggravated felonies," which include sexual abuse of a child. Sexual abuse has in turn been interpreted by some courts to include sexual contact with a minor.Valdez-Camacho v. Ashcrofi (Sept. 29, 2004), 110 Fed.Appx. 808,2004 WL 2203948. In determining whether a state's statute falls within the sexual abuse category of deportable offenses, courts use a categorical approach to analyze the elements of the offense. Espinoza-Franco v.Ashcrofi (2005), 394 F.3d 461 (7th Cir.). Since no evidence was presented regarding Louis's actual residency status in the United States, it is unclear whether he was deportable for the offense. Additionally, R.C. 2907.04 has never been analyzed to determine whether it is an "aggravated felony" for which a conditional permanent resident may be deported.
 {¶ 14} Regardless of whether Louis is deportable for the offense for which he was indicted, the court's remaining reasoning is in no way arbitrary or unreasonable and is sufficient to support dismissal of the indictment "in the interest of justice." The record indicates that Louis and Lucy were married prior to Louis's indictment and prior to the birth of their child. Louis provides for Lucy and the child financially and the family lives in their own home. Lucy is able to stay home and care for the child and is pursuing completion of her high school education. At the May 8, 2007 hearing the court focused on the stress on the relationship created by the prosecution, likely impoverishment if Louis were deported or were to lose his job because of a felony conviction and registration as a sex offender, the fact that Louis has taken *Page 7 
responsibility for his actions in marrying Lucy and supporting her and their child, and the hardship on Lucy and their child if Louis were convicted.
 {¶ 15} Although not addressed by either party, we note that the trial court's opinion, other than stating it is a "final appealable order" does not indicate whether the dismissal is with or without prejudice. Generally, if a judgment entry dismissing a case does not specify whether it is with or without prejudice, it is considered to be without prejudice. See e.g. State v. Brown (October 21, 2004), Cuyahoga App. No. 84229, 2004-Ohio-5587. Accordingly, we hold that trial court's suasponte dismissal was without prejudice.
 {¶ 16} We conclude that the trial court was authorized to suasponte dismiss the indictment under Crim. R. 48(B) and Busch. The trial court complied with the procedure set forth in Crim. R. 48(B) in setting forth its findings of fact and reasons for dismissal. The court's reasoning for dismissing the charges satisfies the requirement inBusch that it be in the interest of justice. Accordingly, the trial court's judgment dismissing this case pursuant to Crim. R. 48(B), without prejudice, is AFFIRMED.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Richard M. Howell
Matthew W. Chapel
 Hon. Jonathan P. Hein *Page 1