The STATE of Ohio, Appellant,

v.

MONTIEL, Appellee.

[Cite as *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23353.

Decided Dec. 11, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Melissa M. Ford, Assistant Prosecuting Attorney, for appellant.

Louis Edward Valencia II, for appellee.

FAIN, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the dismissal of a domestic-violence charge pending against defendant-appellee, Juan Manuel Mon-

tiel. The state contends that the trial court abused its discretion by dismissing the action.

{¶ 2} We conclude that the record does not demonstrate that the trial court abused its discretion by dismissing this matter; the reasons stated for the dismissal satisfy the terms of Crim.R. 48(B).

{¶ 3} The judgment of the trial court is affirmed.

## I

{¶ 4} In 2004, Montiel pleaded guilty to one count of domestic violence, a first-degree misdemeanor. He was sentenced to time served for 16 days spent in confinement. In September 2008, Montiel filed a motion to withdraw his guilty plea based upon his claim that he had not been advised that his conviction could subject him to deportation. The trial court granted this motion.

{¶ 5} On December 1, 2008, the trial court announced the intent to dismiss the case, sua sponte, pursuant to Crim.R. 48(B). The state filed a written objection and requested that the matter be set for trial. The trial court dismissed the case in open court on February 26, 2009. In doing so, the trial court stated as follows:

{¶ 6} "I'm going to dismiss it because I find far more compelling the reasons to dismiss. That is, that the defendant has done his time on this matter. He's served his time. He has completed his time, and it serves no purpose of justice to go forward at this point.

{¶ 7} "The sanctions that would be added are collateral sanctions, and they are—might be appropriate for someone who has continued to get into this kind of trouble or any trouble at all, but in Mr. Montiel's case it's been five years. There's been no more trouble. There have been no more problems, and I don't see that collateral sanctions of any kind do absolutely any good in this case.

{¶ 8} "Therefore, I am going to dismiss this matter under [Crim.R.] 48(B)."

{¶ 9} The state appeals.

## II

{¶ 10} The state's sole assignment of error states as follows:

{¶ 11} "The trial court abused its discretion when it sua sponte dismissed Montiel's case over the state's objection."

{¶ 12} The state contends that the trial court abused its discretion by dismissing this case. In support, the state argues that its "interests are far more compelling than the reasons to dismiss." The state claims that the victim does not want to dismiss the matter. The state further notes that a conviction "would

disqualify Montiel from possessing a firearm" under federal law, and would "allow the State to enhance any future case to a felony."

{¶ 13} A trial court's dismissal of an indictment is reviewed for abuse of discretion. *State v. Busch* (1996), 76 Ohio St.3d 613, 616, 669 N.E.2d 1125. The term "abuse of discretion" implies a decision that is unreasonable, arbitrary, or unconscionable. *State v. Rodriguez*, Darke App. No. 1722, 2008-Ohio-3377, 2008 WL 2627672, ¶ 8.

{¶ 14} Crim.R. 48(B), which provides the procedure for the dismissal of a criminal case by the court over the objections of the state, provides that "if the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

{¶ 15} The Ohio Supreme Court has held that Crim.R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." *Busch*, 76 Ohio St.3d at 615, 669 N.E.2d 1125. The court also stated that trial courts are on "the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.'" Id. "The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that '[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case.'" *State v. Rodriguez*, 2008-Ohio-3377, 2008 WL 2627672, at ¶ 10, quoting *Busch* at 616, 669 N.E.2d 1125.

{¶ 16} The state claims that *Busch*, in which the complaining witness did not wish to proceed, is inapplicable to this case because the victim herein does not want to dismiss the action. While it is correct that *Busch* held that a trial court could dismiss a criminal case based, in part, on the wish of the victim not to proceed, the state's argument ignores the fact that *Busch* also stated that the "interests of justice" do not limit the basis for dismissal to the wishes of the victim. The Supreme Court of Ohio also made it clear that the wish of a victim that a prosecution not proceed is not dispositive. "We do not suggest that in every domestic violence case where the victim refuses to testify a trial judge has the unfettered power to dismiss the case." *State v. Busch*, 76 Ohio St.3d at 616, 669 N.E.2d 1125.

{¶ 17} The state further claims that its interests in pursuing the case are more compelling than any reason for dismissal. Specifically, the state contends that

without being able to proceed, it will be prevented from enhancing the degree of any future offenses and that a dismissal will nullify the possibility that federal law may prohibit Montiel from possessing of a firearm.

{¶ 18} In this case, the indictment was filed in February 2004. The trial court's decision to dismiss was made in February 2009. During the interim, it appears from the record that Montiel did not commit any further acts of domestic violence or any other type of offense. The trial court noted that any additional sanctions, such as the enhancement of any possible future offenses or a federal disqualification for firearms, are collateral sanctions, not punishments that the trial court would impose following a possible conviction. The trial court further noted the lack of any offenses during the five-year period following Montiel's initial conviction and sentence, which indicates that any further sanctions are not necessary.

{¶ 19} We conclude that the trial court complied with the terms of Crim.R. 48(B) by setting forth its findings of fact and reasoning for the dismissal. We further conclude that the trial court did not abuse its discretion in determining that dismissal of this charge furthers the interests of justice, as required by *Busch.*

{¶ 20} The state's sole assignment of error is overruled.

### III

{¶ 21} The state's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

Donovan, P.J., concurs.

Grady, J., concurs separately.

Grady, Judge, concurring.

{¶ 22} Crim.R. 48(B) authorizes the court to dismiss an indictment, but provides that if the court does so over the state's objection the court "shall state on the record its findings of fact and reasons for the dismissal." That requirement contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review of any error assigned by the state regarding an objection by the state that the court overruled.

{¶ 23} This matter was before the court on its own motion. However, that circumstance did not relieve the court of its duty to create the record required. The court conducted no evidentiary hearing to support the findings it made.

Instead, those findings are based on representations of counsel, made in-chambers and off the record. In that circumstance, I would ordinarily wish to reverse the judgment and remand for a hearing. However, the state does not complain that the court erred when it failed to hold a hearing. Therefore, on the record before us, such as it is, affirmance is proper.