[Cite as *State v. Helmer*, 2012-Ohio-2103.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellant                    :            C.A. CASE NO. 2011 CA 12

v.                                             :

KARY L. HELMER                                 :            (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellee                     :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___11th___ day of ___May___, 2012.

. . . . . . . . . .

R. KELLY ORMSBY III, Atty. Reg. No. 0020615, Prosecuting Attorney and DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, Assistant Prosecuting Attorney, Courthouse, Greenville, Ohio 45331
    Attorneys for Plaintiff-Appellant

WILLIAM H. COOPER, Atty. Reg. No. 0018307, 507 S. Broadway, Greenville, Ohio 45331
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Plaintiff-appellant State of Ohio appeals a decision of the Darke County

Court of Common Pleas dismissing defendant-appellee Kary L. Helmer's December 17,

2010, indictment for one count of trafficking in drugs, in violation of R.C. 2925.03(A)(1)(C)(2)(c), a felony of the fourth degree, and one count of trafficking in drugs, in violation of R.C. 2925.03(A)(1)(C)(2)(a), a felony of the fifth degree. Helmer's case involved conduct which allegedly occurred on September 16, 2008, and September 23, 2008. Helmer was indicted along with several other defendants in a police action dubbed "Operation Silent Night" conducted by the Greenville Police Department and the Darke County Sheriff's Office.

{¶ 2} On February 9, 2011, Helmer filed a motion to dismiss the charges against him based on pre-indictment delay of over twenty-seven months. A hearing was held on Helmer's motion to dismiss on March 14, 2011. In a written decision filed on April 21, 2011, the trial court overruled Helmer's motion to dismiss finding that he failed to prove that he suffered any actual prejudice as a result of the State's delay regarding the filing of the indictment. The trial court, however, stated its intent to review the matter pursuant to Crim. R. 48(B) in order to determine whether Helmer's indictment should be dismissed "in the interests of justice."

{¶ 3} On May 18, 2011, the trial court, on its own motion and over objection of the State, dismissed Helmer's indictment for the following reasons: 1) the unexplained delay in the indictment; 2) the State's argument regarding the protection of a confidential informant's identity did not justify delaying the indictment; 3) the memories of the witnesses could be impacted negatively by the delay; 4) inability of Helmer to avail himself of speedy trial provisions and/or possibility of concurrent sentences in other cases for which he had been convicted and sentenced because of the State's failure to indict in the instant case in a

timely fashion; 5) Helmer had been convicted and sentenced in another case from conduct which occurred in September of 2009 and February of 2010; 6) the apparent inefficiency of the State in processing its caseload; and finally, the trial court noted the ethical consideration for prosecutors which emphasizes that the primary duty of a prosecutor is to seek justice, not merely to convict.

{¶ 4}    It is from this judgment that the State now appeals.

{¶ 5}    Because they are interrelated, the State's first and second assignments of error will be discussed together as follows:

{¶ 6}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE INDICTMENT PURSUANT [TO] CRIM. R. 48(B) OVER THE OBJECTION OF THE STATE."

{¶ 7}    "THE TRIAL COURT VIOLATED THE PRINCIPLE OF SEPARATION OF POWERS WHEN IT DISMISSED THE INDICTMENTS."

{¶ 8}    In its first assignment, the State contends that the trial court erred when it dismissed Helmer's December 17, 2010, indictment over objection pursuant to Crim. R. 48(B).  Specifically, the State argues that the trial court relied on improper considerations outside the record in making its decision to dismiss Helmer's indictment.

{¶ 9}    Crim. R. 48(B), which provides the procedure for the dismissal of a criminal case by the court over the objections of the State, provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the

record its findings of fact and reasons for the dismissal."

{¶ 10} A trial court's dismissal of an indictment is reviewed for abuse of discretion. *State v. Busch*, 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). The term "abuse of discretion" implies a decision that is unreasonable, arbitrary or unconscionable. *State v. Rodriguez*, 2d Dist. Darke No. 1722, 2008-Ohio-3377, ¶8.

{¶ 11} As we recently discussed in *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375 (2d Dist.):

> The Ohio Supreme Court has held that Crim. R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice." *Busch*, supra at 615. The Court also stated that trial courts are on "the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.' " Id. "The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that '[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case.' " *State v. Rodriguez*,

supra at ¶10, quoting *Busch*, supra, at 616.

{¶ 12} The State argues that the trial court improperly considered how local budgetary issues potentially impacted the decision to file the indictment against Helmer, as well as other defendants with older pending drug charges. During the evidentiary hearing held on March 14, 2011, the trial court noted that the timing of Helmer's indictment on the two-year old charges coincided with the Darke County sheriff's request for additional allocations from the county commissioners during meetings. The trial court essentially stated that it had heard rumors that the decision to indict the older drug cases was an attempt to persuade the county commissioners to allocate more funds to the sheriff's office by demonstrating that Darke County had a serious drug problem that could only be addressed by additional fiscal appropriations. Ultimately, however, the trial court stated that it did not believe that there was a connection between the timing of the indictments and the sheriff's budget requests, but merely noted that the simultaneous occurrence was coincidental. At the close of the hearing, the trial court requested the parties to submit additional arguments regarding whether the court should dismiss Helmer's indictment pursuant to Crim. R. 48(B).

{¶ 13} On May 18, 2011, the trial court issued its decision dismissing Helmer's indictment pursuant to Crim. R. 48(B). In the decision, the trial court cited seven factors supporting dismissal, none of which were related to the discussion regarding the timing of the indictments and the sheriff's decision to request additional funds during budget talks. The seven factors relied upon by the trial court to dismiss Helmer's indictment are as follows: 1) the unexplained delay in the indictment; 2) the State's argument regarding the protection of a confidential informant's identity did not justify delaying the indictment; 3)

the memories of the witnesses could be impacted negatively by the delay; 4) inability of Helmer to avail himself of speedy trial provisions and/or possibility of concurrent sentences in other cases for which he had been convicted and sentenced because of the State's failure to indict in the instant case in a timely fashion; 5) Helmer had been convicted and sentenced in a separate case from conduct which occurred in September of 2009 and February of 2010; 6) the apparent inefficiency of the State in processing its caseload; and finally, the trial court noted the ethical consideration for prosecutors which emphasizes that the primary duty of a prosecutor is to seek justice, not merely to convict. As the trial court speaks through its judgment entries, we find that the court did not consider the rumored coincidence between the budget talks and the timing of the pending indictments when it dismissed Helmer's indictment "in the interests of justice" pursuant to Crim. R. 48(B). Essentially, the trial court found that dismissal of the indictment was proper because the State could not cogently explain its reason for delaying the filing of the indictment against Helmer, nor would the "interests of justice" be served by prosecuting a two-and-a-half year-old case when in the interim, Helmer had been convicted and sentenced in a separate case, thus denying him the potential ability to avail himself of speedy trial provisions and/or the possibility of concurrent sentences.[1]

{¶ 14} Upon review, we conclude that the trial court complied with the terms of Crim. R. 48(B) by setting forth its findings of fact and reasoning for the dismissal. We further conclude that the trial court did not abuse its discretion in determining that dismissal

---

[1] The record establishes lab analysis in this case was completed in November, 2008 before resolution of Helmer's subsequent cases.

of this charge furthers the interests of justice, as required by *Busch*.

{¶ 15} In its second and final assignment, the State argues that the trial court violated R.C. 309.08 by sua sponte dismissing Helmer's indictment because it encroached upon the authority of the State to prosecute cases. As previously stated pursuant to Crim. R. 48(B) and the Ohio Supreme Court's holding in *Busch*, the trial court was vested with the authority to dismiss Helmer's indictment if it adequately set forth its findings of fact and underlying reasoning for its decision. In its decision dismissing Helmer's indictment, the trial court specifically stated that "while deference is usually given to the charging decisions of the prosecutor, such deference is not unlimited." The trial court further stated that it "possesses a duty to measure justice equally as to all parties." These are correct statements of law. In the instant case, the trial court was acting well within the confines of Crim. R. 48(B) when it dismissed Helmer's indictment for the reasons set forth in its decision issued on May 18, 2011.

{¶ 16} In light of the foregoing, the State's first and second assignments of error are overruled.

{¶ 17} The State's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby III
Deborah S. Quigley
William H. Cooper
Hon. Jonathan P. Hein