[Cite as *Huron v. Slauterbeck*, 2015-Ohio-5022.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


City of Huron                                  Court of Appeals No. E-15-026

      Appellant                            Trial Court No.  TRD 1500404

v.

Taylor Slauterbeck                             **DECISION AND JUDGMENT**

      Appellee                             Decided:   December 4, 2015

* * * * *

Laura E. Alkire, for appellant.

Taylor Slauterbeck, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a March 31, 2015 judgment of the Huron Municipal Court, sua sponte dismissing a criminal traffic complaint against appellee without notifying appellant or having appellant present at the hearing in order to afford appellant the opportunity to participate and determine whether or not to make an

objection on the record prior to the trial court's dismissal. For the reasons set forth below, this court reverses the judgment of the trial court and remands the matter for further proceedings consistent with this opinion.

{¶ 2} Appellant, the city of Huron, sets forth the following two assignments of error:

ONE: THE TRIAL COURT ERRED IN SUA SPONTE DISMISSING THE COMPLAINT.

TWO: THE TRIAL COURT ERRED IN CONDUCTING AN EX PARTE EVALUATION OF THE EVIDENCE IN SUPPORT OF THE COMPLAINT.

{¶ 1} The following facts are relevant to this appeal. On the afternoon of March 20, 2015, appellee was cited pursuant to Huron Municipal Ordinance 331.38 by a local law enforcement officer for failing to stop as required for a school bus that was discharging students.

{¶ 2} On March 26, 2015, appellee requested to see the video footage of the alleged offense. Appellant was notified of this request and authorized the clerk to retrieve any available video footage relevant to the matter. This was the last information that appellant heard regarding the case until learning of the dismissal of case after the dismissal had occurred.

{¶ 3} On March 31, 2015, the trial court reviewed the video footage outside of the presence of the parties. At appellee's arraignment hearing later that same day, the trial court stated to appellee, "I saw the video, too. Obviously it's not your car, so I don't

2.

know what happened. We asked the school administrators for the video and that's what they gave us, so I don't know. But I will dismiss your case, okay?" The case was then sua sponte dismissed by the trial court. Appellant was not notified that the matter was potentially being dismissed at that time, was not present when it occurred, and lacked an opportunity to consider objecting prior to the dismissal.

{¶ 4} In both of the assignments of error, appellant's underlying contention is that the trial court erred in its dismissal of this case. For purposes of judicial economy, we will consider the assignments of error simultaneously based upon their shared premise.

{¶ 5} Crim.R. 48(B) establishes, "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

{¶ 6} The language expressly authorizing a trial court dismissal of a pending criminal complaint such as the one underlying this case incorporates language clearly envisioning the awareness and participation of the state in the dismissal process. The record reflects that did not occur in this case.

{¶ 7} Contrary to Crim.R. 48(B), the record shows that the state was not aware that the trial court had reviewed certain video footage provided by the school district and was considering dismissal of the matter. The record shows that appellant was not present at the March 31, 2015 arraignment hearing, was not advised that the footage had been reviewed, and did not have an opportunity to review the video footage so as to determine whether or not to object prior to the dismissal.

3.

{¶ 8} Notably, Crim.R. 48 caselaw reflects judicial recognition that in order for a trial court's Crim.R. 48 discretionary dismissal power to be properly exercised a hearing must be conducted which enables the state to have an opportunity to make an objection on the record in anticipation of potential subsequent appellate review.

{¶ 9} As held in *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 22 (2d Dist.):

> Crim.R. 48(B) authorizes the court to dismiss an indictment, but provides that if the court does so over the state's objection the court shall state on the record its findings of fact and reasons for the dismissal. That requirement contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review of any error assigned by the state regarding an objection by the state that the court overruled.

{¶ 10} It is well-established that an abuse of discretion determination necessitates establishing that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984).

{¶ 11} We find the trial court's failure to notify appellant that a dismissal of the criminal traffic complaint filed by appellant was being contemplated based upon the trial court's sua sponte review of the relevant video footage without affording appellant the opportunity to be present, review the footage, and determine whether or not to object to dismissal, was well-intentioned and rooted in efficiency considerations but was, nevertheless, arbitrary. It did not comport with the requirements of Crim.R. 48(B).

4.

{¶ 12} Wherefore, we find appellant's first assignment of error to be well-taken. Appellant's related second assignment of error is therefore found to be moot. The judgment of the Huron Municipal Court is hereby reversed.

{¶ 13} On consideration whereof, this matter is remanded to the trial court for further proceedings consistent with this opinion. Pursuant to App.R. 24, we hereby decline to impose costs of this appeal upon either party.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                JUDGE

Stephen A. Yarbrough, P.J.

                                                    _____
James D. Jensen, J.                                          JUDGE
CONCUR.

                                                    _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.