[Cite as *State v. Lycan*, 2019-Ohio-689.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2018CA00059 |
| | : | |
| CARLA LYCAN | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Canton Municipal
                                Court, Case No. 2018 CRB 0254

JUDGMENT:                       REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:         February 19, 2019

APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

KRISTIN BATES-AYLWARD                   JEFFREY JAKMIDES
CANTON LAW DEPARTMENT                   325 East Main St.
BEAU D. WENGER                          Alliance, OH 44601
218 Cleveland Ave. SW
Canton, OH 44702

*Delaney, J.*

{¶1} Appellant State of Ohio appeals from the April 23, 2018 judgment entry of the Canton Municipal Court dismissing the complaint against appellee Carla Lycan.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on January 6, 2018 when the Stark County Grand Jury transferred this matter to the Canton Municipal Court as two misdemeanor offenses. Appellee was charged with one count of domestic violence pursuant to R.C. 2919.25(A)(1), a misdemeanor of the first degree, and one count of child endangering pursuant to R.C. 2919.22(A), also a misdemeanor of the first degree. The complaint states the offenses against A.S., D.O.B. 3/14/2003, occurred on November 19, 2017. The complaint follows the language of the statutes and does not specifically state the factual allegations against appellee.

{¶3} Appellee entered pleas of not guilty.

*Family Court Judgment Entries dated September 20, 2017*

{¶4} On March 5, 2018, appellee filed a "Motion to Allow Testimony Regarding Previous False Statements by the Alleged Abuse Child (*sic*) Regarding Defendant." This motion asked the trial court to permit "testimony regarding previous false statements made by [A.], the alleged abused child, regarding Defendant" and states in pertinent part:

> * * * *.
>
> The alleged abused child in this case has previously been found to have fabricated allegations against this Defendant. In Stark County Family Court, case No. 2017 JCV 836 and 2017 JCV 837, Dr. James Pritchard testified the allegations made by [A.] were utterly

and completely unsupported by the examination at Akron Children's Hospital and the allegations could not be true.

Judge James dismissed the allegations of abuse made by A. against Defendant, Carla Lycan on September 19, 2017. Magistrate Priscilla Cunningham, also, dismissed the allegations of abuse made by [A.] about the Defendant, Carla Lycan.

Essentially, this child is profoundly developmentally delayed and has given profoundly false and impossible statements about this Defendant over the past years.

The Jury should be made aware that Judge James, Magistrate Cunningham and Dr. James Pritchard have twice found these allegations unfounded and without merit.

WHEREFORE, Defendant respectfully requests the Court permit testimony regarding false statements made by the alleged abused child.

{¶5} Attached to this motion are two judgment entries. The first is a Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, in case no. 2017JCV00836, In Re: [M.S.], dated September 20, 2017, stating in pertinent part:

This matter came before the court for hearing upon complaint(s) alleging: Dependent, Neglect, Abuse status.

Findings of Fact:

This matter proceeded to trial in conjunction with 2017JCV00837, In re: [A.S.].

Both children are in the custody of their maternal aunt and uncle who have guardianship over their mother. Their father is deceased.

Both girls are significantly developmentally delayed. [A.] complained at school of abuse whereupon SCDJFS intervened on both girls' behalf. The children were medically evaluated and received a psychological trauma evaluation by a Psychology Assistant at NEOBH.

The custodian has voluntarily obtained counseling, support systems, and psychological guidance to remedy the safety concerns held by the girls.

The evidence admitted in this case indicates that [A.] told interviewers that she was subjected to abuse in the form of choking, name calling and being forced to stand in the corner for long periods of time. She also complained that she was deprived of food and privileges. [M.] also complained about the aunt's discipline, choking and slapping. The trauma evaluation concludes that both girls have Adjustment Disorder with Anxiety and that their stories were independently consistent enough to suggest their credibility [*sic*].

Importantly, the court did not have the benefit of testimony from the girls. Evidence was present to suggest that given their disabilities, the girls have difficulty presenting accurate detail

specifically with regard to time and duration also that they are inclined to embellish stories to garner attention.

The girls' medical examinations do not show [unusual] injuries consistent with abuse.

After taking sworn testimony * * * t]he court finds:

Disposition:

Juvenile Rule 29(E)(4) and RC 2151.35(A) require a less demanding standard of proof—"clear and convincing" evidence in abuse, neglect and dependency cases. A preponderance of the evidence in this case suggests that the children were subjected to abusive treatment by their aunt but does not rise to the degree of proof so as to produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. See State v. Schiebel, 55 Ohio St.3d 71 (1990). As such, this court does not find the allegations of abuse or neglect to have been proven.

With regard to the allegation of dependency, the court does find that the girls' psychological diagnosis supports the need for services, because the custodians have voluntarily engaged psychological services and other assistance, the court does not find that the children's condition is such as to warrant the state's assumption of custody. The allegation of dependency is not proven.

Case dismissed. Pre-adjudicatory orders are vacated.

* * * *.

{¶6} The second entry attached to the motion is a Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, in case no. 2017JCV00837, In Re: [A.S.], dated September 20, 2017, which is identical to the entry in 2017JCV00836 other than the names of the children being replaced.

{¶7} On March 5, 2018, appellee filed a motion in limine seeking to exclude all hearsay evidence, contending that appellant's witnesses including a deputy and a counselor from NEOBH had nothing to offer other than hearsay evidence because they had no personal knowledge of the incident.

*Appellee's motion to dismiss*

{¶8} Also on March 5, 2018, appellee filed a motion to dismiss stating the criminal prosecution violates the prohibition against placing a person twice in jeopardy for the same criminal conduct. The motion further states in pertinent part:

> * * * *.
>
> It is clear from the discovery provided by the State that the Canton Law Director's office is going to re-litigate the allegation that the Defendant abused [A.], a profoundly developmentally delayed child she has custody of. Defendant has custody of [A.] due to the [fact] she is, and has been, the legal guardian of the child's mother. Allegations that Defendant abused [A.] have <u>twice</u> been litigated in the Stark County Family Court with identical results [emphasis in original]. In both cases the Stark County Family Court did not find the evidence sufficient to determine [A.] had been abused by Carla. The second time the abuse allegations were litigated the Family

Court did find the child, [A.], dependent but not abused. It is noteworthy, the legal standard was lower than proof beyond a reasonable doubt.

In both instances referenced above, the child, [A.], was removed from the custody of Carla Lycan and her home. Certainly the state cannot contend this is not punishment. Losing custody and control of one's child is certainly punishment.

The State of Ohio, through the Stark County Job and Family Services, filed a lawsuit alleging abuse against this Defendant. She has twice now been exonerated of this allegation. It simply is Double Jeopardy to, now, re-litigate this issue before the Court.

\* \* \* \*.

{¶9} The trial court scheduled the three motions for hearing on April 17, 2018.

{¶10} Appellant responded to appellee's motion to dismiss on April 10, 2018. Appellant pointed out that the allegations at issue in the cited judgment entries [involving case number 2017JCV00837] are not the allegations at issue in the criminal case. Appellant further stated the allegations in the instant criminal case are the same as those in Stark County Court of Common Pleas, Family Court Division case number 2017 JCV 1408.[1]

---

[1] We heard the appeal of the cited case in *In re S. Children*, 5th Dist. Stark No. 2018CA00040, 2018-Ohio-3559, ¶ 3-4. In that case, we noted the following facts:

This case arose when Jane Doe passed a note to another student at school stating she was being hurt at home. Jane was interviewed by a caseworker from the Agency, police officers, and a social worker at Akron Children's Hospital. Jane's account was consistent: she said Aunt yelled at her, pulled her hair, grabbed her by the throat, and hit her head against a refrigerator. Jane said her body "went fuzzy" during the incident and

{¶11} Appellant also responded in opposition to appellee's motion to allow testimony regarding false statements on April 10, 2018.

{¶12} Finally on April 10, 2018, appellant filed a motion in limine asking the trial court to exclude evidence of the Family Court proceedings.

{¶13} On April 20, 2018, appellant filed a motion to determine admissibility of the child victim's statements to a forensic interviewer.

*Hearing on motion to dismiss*

{¶14} A hearing was held on April 23, 2018. No evidence was taken and the parties argued the motion to dismiss. The trial court asked whether the Family Court found that there was "dependency, but no neglect, no abuse?" and the prosecutor answered in the affirmative. (T. 4). The trial court asked "[w]hat evidence was available to the Common Pleas Court at the time of the dependency finding that's not available at this time?" and the prosecutor responded that the state was using the "same evidence." (T. 6-7). The trial court observed that the instant criminal prosecution constituted a "collateral attack" on the decision of the Common Pleas Court. (T.8). The trial court concluded as follows:

---

she saw black spots. Marks were observed on Jane's neck consistent with fingernail marks.

Deputy Simek further investigated Jane's allegations. He too observed the scratch marks on her neck, a bump on her forehead, and minor redness and bruising on her neck. Simek spoke to Aunt, who denied the allegations, and to Uncle, who said he was not home when the incident occurred. Simek arrested Aunt for felonious assault and placed Jane and Mary Doe into the emergency custody of the Agency. By the time the instant case proceeded to the evidentiary hearing, the charges were amended to misdemeanor domestic violence and child endangering but remained pending with a no-contact order.
* * * *.

We ultimately affirmed the decision of the trial court granting temporary custody of [A.] and her sister to Stark County DJFS. *Id.* at ¶ 43.

Well, it's a concern to this Court that the Common Pleas Court has already made a decision on the same facts, parties, and—and the Court that is in the best position to determine the nature of the acts and the welfare of the children, which is the ultimate responsibility of the Court, is the Family Court. Court's gonna grant the Motion to Dismiss. That'll be all.

T. 12.

{¶15} On April 23, 2018, the trial court issued a judgment entry stating summarily that the motion to dismiss was well-taken and therefore granted.

{¶16} Appellant appealed from the decision of the trial court granting appellee's motion to dismiss.

{¶17} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶18} "THE MUNICIPAL COURT ERRED IN DISMISSING [APPELLEE'S] CRIMINAL CHARGES UNDER THE DOUBLE JEOPARDY CLAUSE BECAUSE THE PREVIOUS FAMILY COURT CASE, WHICH ONLY CONSIDERED THE CARE AND PROTECTION OF HER FOURTEEN-YEAR-OLD NIECE, WAS NOT A CRIMINAL PROCEEDING."

**ANALYSIS**

{¶19} Appellant argues the trial court erred in dismissing the criminal charges on the basis of the family court proceeding. We agree.

{¶20} We begin by noting that the facts underlying the charges of domestic violence and child endangering which arose on November 19, 2017 are not in the record

before us.[2]  In appellant's response to appellee's discovery demand, appellant references an attached incident report.  That report, Stark County Sheriff Department case number 17-46830, is dated November 19, 2017 and names victims and witnesses, but does not include a narrative statement of the allegations.  Further, appellant's answer to appellee's request for a bill of particulars states "see copy or copies of complaint(s) and discovery."

{¶21} Additionally, the record before us does not contain the judgment(s) of the Family Court referenced by the parties and the trial court.  Stark County Court of Common Pleas, Family Court Division case number 2017 JCV 1408 purportedly involved the same factual allegations at issue in the instant criminal case, per appellant's argument in the response to the motion to dismiss.   The purportedly-related proceedings in Family Court were not entered into the record at the hearing on the motion to dismiss.

{¶22} Both parties make factual allegations in their briefs on appeal which are therefore not corroborated by the record.  Appellant asserts appellee grabbed A.S. by the neck, hair, and throat, leaving scratch marks.  Appellee responds that the investigating officer lied; records from Akron Children's Hospital do not corroborate the allegations; and the Family Court "dismissed the abuse allegation."

{¶23} Appellant attached a judgment entry in Stark County Court of Common Pleas, Juvenile Division, case number 2017JCV01409, which does not contain a statement of the facts and establishes only that A.S. and her sister were placed in the

---

[2] As noted supra, a statement of the facts of the November 19 incident is contained in our opinion affirming the decision of the Family Court, but those facts do not appear in the record of the instant case. *In re S. Children*, 5th Dist. Stark No. 2018CA00040, 2018-Ohio-3559, ¶ 3-4.

temporary custody of the Stark County DJFS. Appellee attached a parenting assessment and an expert opinion, both of which pre-date the allegations in the instant case.

{¶24} The omissions in the record are significant because we are charged with reviewing the trial court's decision to dismiss the criminal complaint for an abuse of discretion. Although not specifically cited in the dismissal in the instant case, Crim. R. 48(B) provides a means by which a trial court can dismiss a complaint and states, "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." In addressing the breadth of Crim.R. 48(B), Justice Pfeiffer in *State v. Busch,* 76 Ohio St.3d 613, 615, 1996-Ohio-82*,* 669 N.E.2d 1125 (1996), acknowledged the rule does not limit the reasons for which a trial judge might sua sponte dismiss a case, but "may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice."[3] We review a trial court's decision to dismiss a complaint for an abuse of discretion. *State v. Songer*, 5th Dist. Ashland No. 03COA051, 2004-Ohio-1281, ¶ 19, motion for leave to file delayed appeal granted, 102 Ohio St.3d 1470, 2004-Ohio-2830, 809 N.E.2d 1157, and appeal not allowed, 103 Ohio St.3d 1477, 2004-Ohio-5405, 816 N.E.2d 254. In order to find an

---

[3] *Busch* held that a trial judge could sua sponte dismiss a criminal case if the complaining witness did not wish to proceed, even over objection by the state of Ohio. *Busch* at syllabus. This holding was superseded by statute in 1998 when R.C. 2931.03 was amended with the addition of the following language: "A judge of a court of common pleas does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case." Although cases may no longer be dismissed solely at the request of the complaining witness, the reasoning and principles established in *Busch* continue to be cited today in reference to the trial court's general authority to dismiss a case pursuant to Crim.R. 48(B). *State v. Sanders*, 2013-Ohio-5220, 3 N.E.3d 749, ¶ 15 (7th Dist.), citing *State v. Elqatto*, 10th Dist. No. 11AP–914, 2012-Ohio-4303, 2012 WL 4321120; *State v. Congrove*, 10th Dist. No. 06AP–1129, 2007-Ohio-3323, 2007 WL 1874249.

abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶25} An unreasonable decision is one that is not supported by a sound reasoning process. *State v. Rodriguez,* 2nd Dist. Darke No. 1722, 2008-Ohio-3377, ¶ 8, citing *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). An arbitrary attitude is one "without adequate determining principle," "not governed or fixed by any fixed rules or standard." *Rodriguez, id.,* citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359, 423 N.E.2d 1095 (1981). Where the record includes extensive facts and reasoning explaining why the dismissal was in the interest of justice, a reviewing court will not find an abuse of discretion. See, *State v. Sanders*, 7th Dist. No. 12 CO 35, 2013-Ohio-5220, 3 N.E.3d 749; *Rodriguez*, supra, 2nd Dist. Darke No. 1722, 2008-Ohio-3377; *State v. Hostetter*, 5th Dist. Delaware No. 12 CAA 08 0059, 2013-Ohio-2000.

{¶26} Generally, "[a] court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.'" *Busch*, supra, 76 Ohio St.3d at 615, quoting *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33–34, 501 N.E.2d 617 (1986). The Ohio Supreme Court noted Crim.R. 48(B) does not limit the reasons for which a trial judge might dismiss a case, therefore the Court concluded a judge may dismiss a case pursuant to Crim.R. 48(B) if dismissal "serves the interests of justice." *Id.* The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that "[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case." *Busch*, 76 Ohio St.3d at 616.

{¶27} Generally, it is an abuse of discretion to dismiss charges under Crim.R. 48(B) solely for the reason that the evidence is insufficient to support conviction. *State v. Nihiser*, 4th Dist. No. 03CA21, 2004-Ohio-4067, 2004 WL 1737862, ¶ 17. Nevertheless, a trial judge is allowed great flexibility in determining when the judicial process is no longer useful in a given case such that a dismissal under Crim.R. 48(B) is warranted. *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 15 (2d Dist.).

{¶28} It is both appropriate and necessary to proffer evidence at a Crim.R. 48(B) dismissal hearing since it is, by its very nature, an evidentiary hearing. *State v. Anguiano*, 2d Dist. No.2011 CA 9, 2012-Ohio-2094, 2012 WL 1657549, ¶ 12. The trial court is required to state on the record its findings of fact supporting the dismissal. Crim.R. 48(B). Therefore, "[Crim.R. 48(B)] contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review of any error assigned by the state regarding an objection by the state that the court overruled." *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 22 (J. Grady, concurring). As noted supra, neither party offered evidence at the hearing.

{¶29} In the instant case, the trial court's judgment entry is summary and states only that the motion to dismiss is well-taken and therefore granted, but the trial court's reasoning process may be ascertained from the record of the dismissal hearing. The trial court noted that the complainant was the same in the both the criminal case and the Family Court case—the state of Ohio—and that the evidence was the same. The trial court concluded the criminal action was a collateral attack on the Family Court proceeding.

{¶30} We find the trial court abused its discretion in dismissing the criminal charges herein. The Family Court proceeding involved a determination of child custody, not a criminal sanction:

In the instant case, appellant was not prosecuted for an offense in the juvenile court proceeding. The Juvenile proceeding was a determination of the status of the children, and the State was not required to prove that appellant violated any criminal statute in order to remove the children from the home. The proceeding was not filed against appellant. Appellant was not in jeopardy of loss of liberty or other criminal sanctions. While appellant was faced with loss of custody of the children, the custody award to DHS was not in the nature of a criminal penalty against appellant for his actions, but rather was based on the status of the children and the parents' ability to care for the children properly.

Appellant's reliance on *Breed v. Jones*, [421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)], is misplaced. Appellant argues that *Breed* stands for the proposition that an adjudication in Family Court bars further criminal proceedings. However, *Breed* involves a determination as to whether the juvenile violated a criminal statute, and the consequence from such finding included deprivation of liberty. In the instant case, appellant was not on trial in the Family Court, and there was no necessity of a finding that appellant violated any criminal statute.

State v. Hoff, 5th Dist. Perry No. 99-CA-7, 1999 WL 668804,

*1.

{¶31} If a defendant is charged with a criminal offense in juvenile court, then a subsequent criminal prosecution is barred on double jeopardy grounds, but if the Family Court proceedings are civil in nature, double jeopardy does not attach to the subsequent criminal prosecution. Oh. Domestic Violence L., Section 13:14 (Nov. 2018); see also, In re Jones, 9th Dist. Summit No. 20766, 2002-Ohio-1748 [decision of Family Court terminating defendant's parental rights does not constitute punishment for double jeopardy purposes and does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions]; In re Creel, 9th Dist. Summit No. 20066, 2000 WL 1350021, *13 [permanent custody award to CSB is not criminal penalty against defendant, but rather was based on general welfare of child and defendant's ability to properly care for child].

{¶32} Even if we were to determine the trial court could conceivably dismiss the criminal charges "in the interest of justice" under its inherent power pursuant to Crim.R. 48(B), we are left with an abuse of discretion on this record. Appellee's hyperbolic statements before the trial court about the child victim's purported lack of credibility and appellee's "exoneration" of the allegations in Family Court is not supported by the record.

{¶33} Appellant's sole assignment of error is sustained and the judgment of the Canton Municipal Court is reversed.

**CONCLUSION**

{¶34} The sole assignment of error is sustained; the judgment of the Canton Municipal Court is reversed; and this matter is remanded to the trial court for further proceedings consistent with this opinion.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.