[Cite as *State v. Myrick*, 2020-Ohio-974.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,                   CASE NO. 14-19-27

    v.

ANDREW R. MYRICK,                  O P I N I O N

    DEFENDANT-APPELLEE.

---

**Appeal from Marysville Municipal Court**
**Trial Court No. 19 CRB 194**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   March 16, 2020**

---

APPEARANCES:

    *Rick Rodger* **for Appellant**

    *Blaise Katter* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the September 18, 2019 judgment entry of the Marysville Municipal Court dismissing its criminal complaint against defendant-appellee, Andrew R. Myrick ("Myrick"). For the reasons that follow, we reverse.

{¶2} This case stems from a March 4, 2019 incident in which it was alleged that Myrick caused or attempted to cause his minor child, A.H., physical harm. (*See* Doc. No. 49). Shortly thereafter, the Union County Department of Job and Family Services filed a complaint in the Union County Juvenile Court alleging A.H. to be an abused, neglected, or dependent child under R.C. Chapter 2151. (*See* Doc. Nos. 49, 65).

{¶3} As a result of the incident, a criminal complaint was filed in the Marysville Municipal Court on March 6, 2019 charging Myrick with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. (Doc. No. 1). Myrick entered a written plea of not guilty on March 12, 2019. (Doc. No. 15). The parties exchanged discovery and filed pleadings in preparation for trial. (*See, e.g.*, Doc. Nos. 18, 25, 26, 27, 30, 31, 32, 33, 39, 40, 41, 45, 47, 48, 49, 50, 58, 63, 64, 65, 66). On September 18, 2019, the trial court sua sponte dismissed the criminal charge without a hearing. (Doc. No. 69).

{¶4} The State filed its notice of appeal on September 19, 2019. (Doc. No. 75). It raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred When it Dismissed the Complaint Previously Filed.**

{¶5} In its assignment of error, the State argues that the trial court abused its discretion by sua sponte dismissing the criminal complaint charging Myrick with one count of domestic violence without a hearing. Specifically, the State argues that the trial court abused its discretion by dismissing the case without a hearing because it was not "given the opportunity to object to the dismissal." (Appellant's Brief at 6).

*Standard of Review*

{¶6} This court reviews a trial court's dismissal of a criminal charge under Crim.R. 48(B) for an abuse of discretion. *State v. Heard*, 12th Dist. No. CA2016-03-008, 2017-Ohio-4, ¶ 10, citing *State v. Murray*, 12th Dist. Clermont No. CA2016-01-005, 2016-Ohio-7364, ¶ 9, citing *State v. Busch*, 76 Ohio St.3d 613, 616 (1996). *See also State v. Elqatto*, 10th Dist. Franklin No. 11AP-914, 2012-Ohio-4303, ¶ 17. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶7} Criminal Rule 48 governs the dismissal of an indictment, information, or complaint by the trial court and provides, in its relevant part, that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." (Emphasis added.) Crim.R. 48(B). That rule, "incorporates language clearly envisioning the awareness and participation of the state in the dismissal process." *Huron v. Slauterbeck*, 6th Dist. No. E-15-026, 2015-Ohio-5022, ¶ 8. Indeed, our sister appellate district noted that Ohio jurisprudence addressing Crim.R. 48(B) reflects that "a hearing must be conducted which enables the state to have an opportunity to make an objection on the record in anticipation of potential subsequent appellate review" "for a trial court's Crim.R. 48 discretionary dismissal power to be properly exercised." *Id.* at ¶ 10. That is,

> "Crim.R. 48(B) authorizes the court to dismiss an indictment, but provides that if the court does so over the state's objection the court shall state on the record its findings of fact and reasons for the dismissal. That requirement contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review of any error assigned by the state regarding an objection by the state that the court overruled."

*Id.* at ¶ 11, quoting *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, ¶ 22 (2d Dist.) (Grady, J., concurring). *See also State v. Sanders*, 7th Dist. No. 12 CO 35, 2013-Ohio-5220, ¶ 21, quoting *Montiel* at ¶ 22. *But see State v. Carabello*, 8th

Dist. Cuyahoga No. 105021, 2017-Ohio-4449, ¶ 11 (concluding that the trial court's dismissal of the indictment without a hearing did not constitute reversible error because "Crim.R. 48(B) does not require the trial court to hold a hearing when it dismisses a case over the state's objection—the rule only requires the court to state its findings of fact and reasons for the dismissal on the record").

{¶8} Based on the specific facts and circumstances of this case, we conclude that the trial court's dismissal of the criminal charge against Myrick without a hearing—during which the State would have been afforded the opportunity to object—constitutes reversible error. *Compare Slauterbeck* at ¶ 13 (concluding that "the trial court's failure to notify [the State] that a dismissal of the criminal traffic complaint filed by [the State] was being contemplated * * * without affording [the State] the opportunity to be present * * * and determine whether or not to object to dismissal" constituted reversible error). However, and to be clear, we are not declaring that a dismissal hearing must occur in all cases; rather, because Crim.R. 48(B) and its corresponding jurisprudence contemplate an opportunity for the State to voice its objection (if any), the State must be afforded an occasion to voice its opposition to a dismissal and preserve its argument for appeal. Here, the trial court—on its own motion and without notice to the parties—dismissed the domestic-violence charge against Myrick. Although the trial court articulated its findings of fact and reasons for its dismissal, the State was not provided an

opportunity to object to the dismissal or provide an argument in opposition to dismissal.[1]

{¶9} Therefore, based on our review of the record before us, because the State was not afforded the opportunity to voice its opposition to dismissing the criminal charge against Myrick, we conclude that the trial court acted unreasonably, arbitrarily, or unconscionably. Thus, the trial court abused its discretion by dismissing the criminal charges against Myrick.

{¶10} Thus, the State's assignment of error is sustained.

{¶11} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[1] We are expressing no opinion as to the validity of the trial court's findings of fact and reasons that it articulated in support of its dismissal.